# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3869

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Benjamin Godfrey Chipps, Jr., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 12, 2002

Filed:  August 15, 2002

_____

Before MORRIS SHEPPARD ARNOLD, HEANEY and MURPHY, Circuit Judges.

_____

HEANEY, Circuit Judge.

A jury convicted Benjamin Godfrey L. Chipps, Jr. of aggravated sexual abuse by force in Indian country in violation of 18 U.S.C. §§ 2241(a) and 1153. The district court[1] denied Chipp's motion for judgment of acquittal or for a new trial, and sentenced him to 120 months in prison. On appeal, Chipps asks this court to consider whether the district court abused its discretion in: (1) finding that the evidence was

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

sufficient to support the verdict, and (2) precluding cross-examination of the victim regarding the scars on her wrists from a prior incident. We affirm.

I.      Background

We present the facts in the light most favorable to the jury's verdict. At the time of the offense, the victim, "DTF," was sixteen years old and Chipps was twenty-one years old. They are distant cousins and knew each other prior to the assault. In the late evening on April 14, 2001, DTF and a friend went to Chipps's home, where up to fifteen people were living at the time. Conrad Doyle, one of the adult residents of the house, walked out of the house, and DTF asked him to ask Chipps to come outside. Chipps did so, and DTF's friend left shortly thereafter. It was cold outside, so Chipps suggested that he and DTF go inside the house. They proceeded into a bedroom and either sat or reclined on the bed. Chipps and DTF talked for awhile. Chipps indicated he wanted to engage in sexual relations with DTF. Chipps pulled DTF toward him, pinned her arms above her head with one hand, and removed her clothing and his own clothing with his other hand. DTF told him to quit, to stop, and said "no." She may or may not have told him she did not want to get pregnant. DTF tried to use her legs to force Chipps off of her body, but could not do so until after forced penetration. DTF picked up her clothing and left the house. She went to Doreen Milk's home, told Doreen what had happened, and together they went to the police station to report the assault, approximately fifteen minutes after the incident. DTF was transported to the Indian Health Services Hospital in Pine Ridge, and later to the Rapid City Regional Hospital in South Dakota, where a physical exam was conducted. The examination revealed that DTF had had sexual intercourse.

Chipps was arrested shortly after the victim reported the assault. He was charged with the commission of aggravated sexual abuse by force in Indian country in violation of 18 U.S.C. §§ 2241(a) and 1153. The issue at trial was whether he

committed aggravated sexual abuse or whether Chipps and the victim engaged in consensual sex. Chipps appeals his conviction.

II. Discussion

A. Denial of Motion for Judgment of Acquittal

In reviewing the district court's denial of a motion for judgment of acquittal, "we must view the evidence and all reasonable inferences therefrom in the light most favorable to the verdict[]." Ortega v. United States, 270 F.3d 540, 544 (8th Cir. 2001) (citation omitted). "'If the evidence rationally supports two conflicting hypotheses, the reviewing court will not disturb the conviction.'" Id.; United States v. Baker, 98 F.3d 330, 338 (8th Cir. 1996).

Chipps presented the following evidence to support his contention that the overwhelming weight of the evidence indicates there was no sexual assault: DTF went to Chipps's home and into his bedroom; she voluntarily lay down beside him and kissed him; she did not cry out or try to "gain anyone's attention" during the alleged rape; DTF's friend testified that DTF had been drinking when she went to Chipps's house, and that DTF and Chipps hugged and kissed before going into the house; Chipps's mother testified that she had been at home watching t.v. at the time of the alleged rape, and "was aware of nothing happening;" John Waters, in the house at the time of the alleged rape, heard what he thought was consensual love-making; and there was no physical evidence of force.

Chipps argues that while there is some evidence to support DTF's claim, it is insufficient to prove his guilt beyond a reasonable doubt. He cites United States v. Davis, 103 F.3d 660, 667 (8th Cir. 1996), for the proposition that this court should uphold a conviction against a challenge to the sufficiency of the evidence unless "a reasonable factfinder must have entertained a reasonable doubt about the

government's proof of one of the offense's essential elements." Defendant argues that because there was a dispute as to whether DTF gave her consent, the Davis rule would dictate reasonable doubt as a matter of law.

DTF testified that she voluntarily joined Chipps in the bedroom, but when he suggested they have sexual relations she did not think he was serious. When he pinned her arms above her head she told him to "quit fucking around," to which he replied that "this is for real." She repeatedly told Chipps to stop, and that he was hurting her. Because he is nearly twice her size, she could not physically defend herself. DTF finally was able to flee the house partially undressed, and within fifteen minutes she was at the police station to report the assault. Viewing the evidence in the light most favorable to the verdict, the jury reasonably could have inferred that DTF did not give her consent and was sexually assaulted. We will not disturb the conviction. We therefore affirm the district court's denial of Chipps's motion for judgment of acquittal.

B.     Denial of Motion for New Trial

A district court should grant a new trial only if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred. United States v. Gabe, 237 F.3d 954, 960 (8th Cir. 2001). This court affirms the denial of a motion for a new trial unless it was a clear and manifest abuse of discretion. Id. As we explained above, the evidence before the jury supported its conclusion that Chipps had committed sexual assault, and the evidence did not weigh heavily against the verdict. As for appellant's contention that it was a miscarriage of justice for the court to have instructed the jury that Chipps's cocaine possession was a misdemeanor, we find that argument to be without merit.[2]

---

[2]Chipps smoked four marijuana cigarettes laced with cocaine on the day of the assault. He did not tell law enforcement agents about his possession of cocaine on

At trial, defense counsel repeatedly asked a rebuttal witness, FBI Special Agent Michael McRoden, about the federal penalty for possession of cocaine, with the alleged intent of showing that Chipps was frightened when he was interviewed rather than deceptive. While testifying, the agent was uncertain as to whether Chipps's possession of the drug was a felony or misdemeanor. The government requested a curative instruction to explain that Chipps would have faced a misdemeanor charge for the amount of cocaine he possessed, not a felony charge, to show that Chipps's fear of a substantial federal sentence was unwarranted. Chipps argues that the government's intent was to show that Chipps was untruthful and that his testimony about the assault was untrustworthy. We disagree. The instruction did not prevent Chipps from testifying about his mental state when he spoke to the FBI Agents; it clarified the law. The district court did not err in the giving the jury the curative instruction, and did not abuse its discretion in denying the new trial motion.

C.     Evidence Regarding DTF's Propensity for Bruising or Scarring

The court reviews the district court's decision to admit or refuse evidence for abuse of discretion. United States v. O'Dell, 204 F.3d 829, 833 (8th Cir. 2000) (citation omitted). DTF testified that she had scars on her wrists from an unrelated incident. To show lack of force during the alleged assault, defense counsel asked DTF how she had obtained the scars. Defense counsel hoped to show her propensity to injury by eliciting that she had sustained scars from having worn handcuffs, and that there were no physical signs of trauma resulting from her having been grabbed at the wrists during the sexual assault. The government objected under Federal Rule of Evidence 403, arguing that the probative value of DTF's response would have been outweighed by the danger of unfair prejudice. The court determined that the cause of the scars was irrelevant. The jury was already aware through witness testimony

---

the day of the assault because he feared a substantial federal punishment for cocaine possession.

that DTF had scars on her wrists, and that there were no bruises or signs of injury on her wrists resulting from the assault.  We agree that the evidence was not relevant, and that Chipps was not unfairly prejudiced by the court's ruling.

For the reasons cited above, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.