[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 11, 2008
THOMAS K. KAHN
CLERK

No. 07-15672
Non-Argument Calendar

_____

D. C. Docket No. 07-00068-CR-KD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT L. HUTCHINS, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(September 11, 2008)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Vincent L. Hutchins, Sr., appeals his conviction for possessing two firearms that had not been registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d) . He raises two issues on appeal, arguing the district court erred in denying his motion for judgment of acquittal and the court abused its discretion in admitting evidence of pseudophedrine found near the illegal firearms.

First, Hutchins contends the district court erred in denying his motion for judgment of acquittal because the Government offered insufficient evidence to support his conviction. More specifically, Hutchins claims the Government failed to show he had ever seen or actually possessed the firearms or that he had knowledge of the specific characteristics of the firearms that required them to be registered.

We review the denial of a motion for judgment of acquittal *de novo*. *United States v. Brown*, 441 F.3d 1330, 1368 (11th Cir. 2006). We apply the same standard we use in reviewing the sufficiency of the evidence, viewing the facts and drawing all reasonable inferences in the light most favorable to the Government. *United States v. Descent*, 292 F.3d 703, 706 (11th Cir. 2002). The denial will be upheld when "a reasonable fact-finder could conclude that the evidence

established the defendant's guilt beyond a reasonable doubt." *Id.* (quotations and citation omitted).

Under § 5861(d), it is unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." 26 U.S.C. § 5861(d). The term "firearm" includes "a shotgun having a barrel or barrels of less than 18 inches in length." *Id.* § 5845(a)(1). Constructive possession is sufficient to sustain a conviction under § 5861(d). *United States v. Crawford*, 906 F.2d 1531, 1534-35 (11th Cir. 1990). "Constructive possession exists when a defendant has ownership, dominion, or control over an object itself or dominion or control over the premises or the vehicle in which the object is concealed." *United States v. Leonard*, 138 F.3d 906, 909 (11th Cir. 1998).

Though § 5861(d) has no express *mens rea* requirement, the Government must prove beyond a reasonable doubt "the defendant *knew* that the weapon he possessed had the characteristics that brought it within the statutory definition of a firearm." *United States v. Miller*, 255 F.3d 1282, 1286 (11th Cir. 2001) (emphasis in original). "There is no requirement under the statute that the defendant knew that his possession was unlawful, or that the firearm was unregistered." *Id.* at 1286 n.3. The Government need only show the defendant knew "the weapon has

3

the features that subject it to registration requirements;" the defendant "does not have to know what features define a 'firearm' under 26 U.S.C. § 5845(a)." *United States v. Ruiz*, 253 F.3d 634, 638 n.4 (11th Cir. 2001). A jury can infer "the requisite knowledge from the condition of the object . . . 'including any external indications signaling the nature of the weapon.'" *United States v. Moore*, 253 F.3d 607, 611 (11th Cir. 2001) (quoting *Staples v. United States*, 114 S. Ct. 1793, 1802 n.11 (1994)). We have upheld a jury verdict where the Government offered no direct evidence the defendant knew his shotgun's barrel was shorter than 18 inches, noting "the length of the barrel is a patently obvious characteristic, readily apparent to anyone . . . who observes the gun." *Miller*, 255 F.3d at 1287. Testimony about the length of the gun's barrel and the admission of the gun into evidence can be sufficient circumstantial evidence from which a jury could infer the defendant knew the length of the gun barrel was less than 18 inches. *Id.*

The district court did not err in denying Hutchins' motion for judgment of acquittal. Police found the firearms in a shed on Hutchins' property. Hutchins had the key that opened the shed in his bedroom, he directed police to the location of his keys, and he correctly identified the key that unlocked the padlock on the shed's door. A reasonable jury could find Hutchins constructively possessed the firearms based on his access to and control over the shed. At trial, Hutchins

4

stipulated that the barrels of the shotguns were less than 18 inches, a fact that would be readily apparent to anyone who saw the guns. So, the jury could infer Hutchins knew the shotguns had characteristics that required them to be registered. There is no dispute that the shotguns were not registered to Hutchins in the National Firearms Registration and Transfer Record. Thus, a reasonable jury could conclude the Government proved Hutchins' guilt beyond a reasonable doubt, and the district court did not err in denying Hutchins' motion.

Second, Hutchins contends the district court abused its discretion when it admitted evidence of the pseudophedrine found near the shotguns. He claims the evidence is irrelevant and highly prejudicial, since it is not probative as to his illegal possession of firearms and creates the impression he is involved in illegal drug activity, when no other evidence to that effect was produced.

We review evidentiary rulings for an abuse of discretion. *United States v. Thomas*, 242 F.3d 1028, 1031 (11th Cir. 2001). Under this standard, we must affirm unless we conclude the district court made a clear error of judgment or applied the wrong legal standard. *United States v. Drury*, 396 F.3d 1303, 1315 (11th Cir. 2005). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid.

401. Though generally admissible, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Fed. R. Evid. 403. We will not reverse based on the district court's erroneous admission of evidence if the error did not substantially influence the outcome and sufficient evidence uninfected by error supports the verdict. *United States v. Harriston*, 329 F.3d 779, 789 (11th Cir. 2003). An error in admitting evidence is harmless "where there is overwhelming evidence of guilt." *Id.*

Evidence of illegal drugs or drug trafficking in close proximity, temporally and physically, to firearms is relevant to proving knowing possession of the weapons. *Thomas*, 242 F.3d at 1031-32. The presence of drug paraphernalia is likewise admissible to prove possession of firearms found in the same room. *Id.* (citing *United States v. Fuller*, 887 F.2d 144, 147 (8th Cir. 1989) (admitting evidence of drug paraphernalia to show possession of sawed-off shotgun in violation of 26 U.S.C. § 5861(d) because of "close and well-known connection between firearms and drugs")).

While evidence of illegal drugs is relevant to showing possession of firearms, pseudophedrine is not an illegal drug; it is just an ingredient used to make illegal drugs. Additionally, the limited amount found and the absence of other lab materials in the shed belie the inference that the pseudophedrine was for

drug making. Even if the district court erred in finding the probative value of the pseudophedrine to show possession of the firearms was not outweighed by the prejudicial inference arising from the evidence that Hutchins was involved with illegal narcotics, the error was harmless, since there was sufficient evidence uninfected by error from which the jury could convict Hutchins. As discussed above, the jury could infer constructive possession of the firearms from Hutchins' access to and control of the locked shed where the firearms were found. Hutchins stipulated that the barrels were less than 18 inches, and it is undisputed the shotguns were not registered, as required by 26 U.S.C. § 5861(d).

After a review of the record and upon consideration of the briefs of the parties, we discern no reversible error. Therefore, we affirm.

**AFFIRMED.**