# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2799

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Roderick McArthur, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 10, 2009
Filed: July 27, 2009

_____

Before RILEY, SMITH, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

On November 1, 2007, Roderick McArthur was indicted on one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2). McArthur filed a motion to suppress evidence, and an evidentiary hearing was held before a federal magistrate judge.[1] On January 25, 2008, the magistrate judge issued a Report and Recommendation ("R&R") recommending denial of the motion to suppress. McArthur did not file any objections to the R&R.

_____

[1]The Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri.

On February 19, 2008, the district court[2] adopted the R&R and denied the motion to suppress. McArthur waived his right to a jury trial. On April 2, 2008, following a bench trial, the district court found McArthur guilty as charged. The district court sentenced McArthur to 151 months imprisonment and supervised release for life. McArthur appeals the court's denial of his motion to suppress, as well as the denial of his motion for judgment of acquittal, which he made at the close of the government's case and renewed at the trial's conclusion. For the reasons set forth below, we affirm.

I.

On April 1, 2006, Officer Trent Koppel of the Des Peres Police Department was on patrol at the West County Mall in Des Peres, Missouri, when mall security reported that an older, white male was masturbating inside his vehicle in the mall parking lot. Officer Koppel responded immediately, located the vehicle, and activated her emergency lights. The driver attempted to navigate around the cars in front of him but was unsuccessful. Officer Koppel approached the blocked-in vehicle and ordered the driver to turn off the engine and exit the vehicle. Officer Koppel observed that the driver's penis was exposed. The driver exited the vehicle and handed Officer Koppel his driver's license, which identified the driver as Roderick McArthur. Officer Koppel placed McArthur under arrest for public indecency and transported him to the Des Peres Police Department for booking.

Officers inventoried McArthur's personal property and found in his wallet a laminated photograph of a nude, male child who is looking at and touching an erect, adult penis that is superimposed on the child's body. Officer Koppel advised

---

[2]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

McArthur of his <u>Miranda</u> rights,[3] which McArthur waived. McArthur stated that he has always had an overactive libido and sometimes could not control his urges. He claimed that he met someone online who agreed to meet him at the West County Mall. When that person did not arrive, McArthur stated that he drove around the parking lot, became aroused, and began to masturbate. In a written statement, McArthur admitted exposing himself in the vehicle and apologized for his "very inappropriate behavior." McArthur posted bond and was released on the same day as his arrest.

Officer Koppel contacted Detective Juan Gomez, then a nine-year veteran of the St. Louis County Police Department with extensive training and experience investigating child pornography offenses, and provided Detective Gomez with information regarding McArthur's arrest. Detective Gomez confirmed McArthur's home address by conducting a utilities check. Detective Gomez also discovered that McArthur was convicted in 1986 for sodomy involving a minor and in 2004 for sexual misconduct and that McArthur had failed to register as a sex offender. Another St. Louis County officer, Sergeant Adam Kavanaugh, procured the nude photograph found in McArthur's wallet from the Des Peres Police Department. Sergeant Kavanaugh showed the photograph to Detective John Schmidt, a forensic analyst in the Computer Fraud Unit. Detective Schmidt stated that the photograph had been modified using computer software.

On April 4, 2006, Detective Gomez applied for a search warrant for McArthur's residence and any digital data devices found therein for evidence of possession of child pornography. Detective Gomez presented an affidavit in support of the application to the Honorable Brenda Stith Loftin, Associate Circuit Judge for the St. Louis County Circuit Court. The affidavit described the property to be searched with particularity, listed Detective Gomez's experience with "subjects known to possess and sell obscene material," detailed the events surrounding McArthur's public

---

[3]<u>See</u> <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

indecency arrest (including the discovery of the computer-altered photograph), and stated that "McArthur has been arrested for multiple sex offenses in St. Louis County, Missouri[,] in the past twenty years but has failed to register as a sex offender as required by law."

Judge Loftin authorized the search warrant at 6:30 p.m. on April 4, 2006. Officers executed the warrant later that evening and seized several digital data devices from McArthur's residence, including a computer. Detective Gomez then arrested McArthur, who was present during the search, for failing to register as a sex offender and escorted him to the St. Louis County Police Department. Detective Gomez interviewed McArthur, who again waived his Miranda rights. When asked about the photograph found in his wallet when he was arrested in Des Peres, McArthur claimed that his nephew had given the photograph to him 15 to 20 years earlier and that he had placed it in his wallet and forgotten about it. Detective Gomez asked McArthur for consent to search his computer and the other devices. After repeatedly and emphatically denying that there was child pornography on any of his equipment, McArthur consented, in writing, to the search.

Detective Gomez took the seized items to the Regional Computer Crime Education and Enforcement Group ("RCCEEG") to be examined by Detective Leonard Stimmel, a forensic computer analyst. During a brief examination of the computer, Detective Stimmel discovered several images of children involved in sex acts or displaying their genitals in a sexual manner. Even though McArthur had already consented in writing to the search of his computer, out of an abundance of caution, Detective Gomez presented another application and affidavit in support of a search warrant for the computer. In addition to reiterating all of the information contained in the first affidavit, the new affidavit detailed the seizure of the computer and the results of Detective Stimmel's brief search of its contents. The Honorable Dale W. Hood, Associate Circuit Judge for the St. Louis County Circuit Court, found probable cause and signed the search warrant for McArthur's computer.

Detective Kenneth Nix, a computer forensic examiner and the operations supervisor of the RCCEEG, thoroughly examined the hard drive from McArthur's computer. Detective Nix located multiple images in the hard drive's unallocated space[4] that depicted children displaying their genitals and engaging in masturbation, oral sex, and vaginal sex with adults. Also in the unallocated space, Detective Nix found myriad child pornography web pages that the user had visited directly. Detective Nix's examination showed that someone had reinstalled the computer's operating system on April 2, 2006—the day after the Des Peres Police Department released McArthur following his public indecency arrest and two days before the St. Louis County Police Department executed the search warrant for McArthur's home and seized his computer. Detective Nix testified at trial that computers normally come with an operating system already installed and that, when someone reinstalls the operating system, all of the computer's data is moved into unallocated space on the hard drive. Finally, Detective Nix reviewed disks that McArthur's expert witness, Gregory Chatten, claimed to be back-up disks of some of the data on McArthur's computer over a three-year period prior to its seizure. One of the disks contained authentication codes for several websites, including sites that contained child pornography.

Chatten confirmed that images of child pornography were located in the unallocated space on McArthur's hard drive. He also confirmed that reinstalling McArthur's operating system would have moved all of the computer's data into unallocated space. Chatten testified that he could not discern the source of the images. However, he agreed that the user had directly visited some of the child pornography websites found in unallocated space. Chatten further testified that one of McArthur's purported back-up disks was actually created on October 5, 2007, the same day the

---

[4]Detective Nix testified that "allocated space" is space on a computer that is usable. When a user deletes a file, it is not erased completely from the computer. Instead, the deleted file is moved to "unallocated space," which is where Detective Nix located child pornography on McArthur's computer.

disks were mailed to McArthur's attorney and more than a year after police seized McArthur's computer. Chatten agreed that it was possible that a person could have copied an actual back-up disk made in 2005 to this new disk and then deleted files that the person did not wish Chatten to see. Chatten testified that he could not determine whether any files had been deleted from the purported back-up disk that was actually created on October 5, 2007.

On appeal, McArthur argues that the district court erred in adopting the R&R recommending denial of his motion to suppress because there was not probable cause to believe that there was evidence of child pornography in his home. Thus, McArthur contends, all of the fruits of that initial search, including the cursory examination of the computer and the images discovered as a result of McArthur's subsequent written consent, should have been suppressed. McArthur further argues that the district court erred in denying his motion for judgment of acquittal because the mere presence of child pornography images and websites stored in the computer's unallocated space is insufficient to prove that McArthur *knowingly* possessed child pornography.

II.

McArthur contends that the district court erred in denying his motion to suppress because there was not probable cause to believe that child pornography would be found in his home. "Ordinarily, when reviewing a district court's denial of a suppression motion, we review for clear error the court's factual findings and review de novo whether the Fourth Amendment was violated." United States v. Rodriguez, 484 F.3d 1006, 1010 (8th Cir.), cert. denied, 128 S. Ct. 316 (2007). However, because McArthur failed to object to the magistrate judge's R&R, he "waived his right to de novo review by the district court of any portion of the [R&R] of the magistrate judge as well as his right to appeal from the findings of fact contained therein." Id. at 1010-11 (quoting United States v. Newton, 259 F.3d 964, 966 (8th Cir. 2001)). "Thus, 'we

review the court's factual determinations for plain error.'" Id. at 1011 (quoting United States v. Brooks, 285 F.3d 1102, 1105 (8th Cir. 2002)).

"Our role is to ensure that the evidence as a whole provides a substantial basis for finding probable cause to support the issuance of the search warrant" for McArthur's residence. United States v. Terry, 305 F.3d 818, 822 (8th Cir. 2002). "Whether probable cause . . . has been established is determined by considering the totality of the circumstances, and resolution of the question by an issuing judge 'should be paid great deference by reviewing courts.'" United States v. Grant, 490 F.3d 627, 631 (8th Cir. 2007), cert. denied, 128 S. Ct. 1704 (2008) (quoting Illinois v. Gates, 462 U.S. 213, 236 (1983)). "When the affidavit supporting the search warrant sets forth facts sufficient to create a fair probability that evidence of a crime will be found in the place to be searched, probable cause exists." Terry, 305 F.3d at 822. "Accordingly, we examine the sufficiency of a search-warrant affidavit using a 'common sense' and not a 'hypertechnical' approach." Grant, 490 F.3d at 632 (quoting United States v. Solomon, 432 F.3d 824, 827 (8th Cir. 2005)).

McArthur does not challenge any factual determinations made below. He argues that the affidavit Detective Gomez filed in support of the application for the initial search warrant for McArthur's residence "contained insufficient indicia of probable cause to believe that McArthur possessed child pornography, in his home or on his computer." (Appellant's Br. 22.) Specifically, McArthur asserts that "the only averment even remotely connected to child pornography was a single laminated photograph in McArthur's wallet . . . ." (Id.) Thus, according to McArthur, "the inference that [he] kept child pornography in his home or on his computer was specious" and insufficient to support probable cause. (Id.) We disagree.

The affidavit chronicled the circumstances surrounding McArthur's public-indecency arrest for masturbating in his car in a mall parking lot three days earlier. Most significantly, the affidavit noted that, at the time of his arrest, McArthur

possessed a laminated photograph of a nude child that had been modified using computer software. This revelation, standing alone, strongly indicated that child pornography would be found on McArthur's computer. Furthermore, the affidavit revealed that McArthur had been convicted for multiple, prior sex offenses but had failed to register as a sex offender and that Detective Gomez had experience dealing with subjects known to possess and sell obscene material. Finally, other courts have recognized—and Detective Gomez testified at the suppression hearing—that

> [t]he observation that images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes is supported by common sense and the cases. Since the materials are illegal to distribute and possess, initial collection is difficult. Having succeeded in obtaining images, collectors are unlikely to [] destroy them. Because of their illegality and the imprimatur of severe social stigma such images carry, collectors will want to secret them in secure places, like a private residence.

United States v. Riccardi, 405 F.3d 852, 861 (10th Cir. 2005) (quoting United States v. Lamb, 945 F. Supp. 441, 460 (N.D.N.Y. 1996)).

Considering the "totality of the circumstances" and examining the affidavit using a "common sense" approach, Grant, 490 F.3d at 631-32, we find that "the evidence as a whole provide[d] a substantial basis for finding probable cause to support the issuance of the search warrant" for McArthur's residence because "the affidavit supporting the search warrant set[] forth facts sufficient to create a fair probability that evidence of [possession of child pornography would] be found," Terry, 305 F.3d at 822. Therefore, the district court did not err when it denied McArthur's motion to suppress.[5]

---

[5]"Because we find that probable cause existed to support the search warrant, we need not address [McArthur's] additional argument that the 'good faith' exception to the exclusionary rule does not apply." United States v. Caswell, 436 F.3d 894, 900

III.

McArthur also contends the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to support a guilty verdict. "When reviewing the sufficiency of the evidence after a bench trial, we view the evidence in the light most favorable to the verdict and uphold the verdict if a reasonable factfinder could find the offense proved beyond a reasonable doubt." United States v. Zackery, 494 F.3d 644, 649 (8th Cir. 2007), cert. denied, 128 S. Ct. 1650 (2008). "A [] verdict may be based on circumstantial as well as direct evidence, and [t]he evidence need not exclude every reasonable hypothesis except guilt." United States v. Ellefson, 419 F.3d 859, 863 (8th Cir. 2005) (quotation omitted). Indeed, "[i]f the evidence rationally supports two conflicting hypotheses, the reviewing court will not disturb the conviction." United States v. Chipps, 299 F.3d 962, 964 (8th Cir. 2002) (quotation omitted).

McArthur argues that, based on the evidence presented at trial, no reasonable factfinder could find beyond a reasonable doubt that he *knowingly* possessed child pornography. McArthur emphasizes the fact that all of the images and websites containing child pornography were found in "unallocated space" on his hard drive. He also highlights trial testimony explaining "that a computer's browser cache contains images automatically saved . . . when a website is visited, and those images may be beyond the scope of what the user requested." (Appellant's Br. 32-33.) McArthur hypothesizes that images and websites containing child pornography "could have been reposited or deposited on the hard drive by virtue of McArthur visiting [legal] adult websites and then reinstalling his operating system[] to cure a virus or for another innocuous reason . . . ." (Id. at 31-32.) However, McArthur expressly acknowledges the possibility of a conflicting hypothesis—that he "could have downloaded the images himself onto the computer and transferred them to unallocated

n.3 (8th Cir. 2006).

-9-

space when he reinstalled the operating system . . . ." (<u>Id.</u> at 33.) This acknowledgment clearly demonstrates that the evidence in this case "rationally supports two conflicting hypotheses." <u>Chipps</u>, 299 F.3d at 964. Therefore, we "will not disturb [McArthur's] conviction." <u>Id.</u>

## IV.

Accordingly, we affirm the judgment of the district court.

_____