# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-2845

_____

United States of America

*Plaintiff - Appellee*

v.

David Lee Gentles

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: September 22, 2016
Filed: December 6, 2016
[Unpublished]

_____

Before WOLLMAN, BRIGHT, and KELLY, Circuit Judges.

_____

PER CURIAM.

David Lee Gentles was convicted of receiving child pornography, using the Internet to distribute child pornography, and using the Internet to knowingly attempt

to transfer obscene matter to a minor. He appeals from the district court's[1] denial of his motion to suppress evidence. We affirm.

In May 2012, an officer with the Missouri Internet Crimes Against Children Task Force relayed the following information to Captain David Sutton of the Poplar Bluff Police Department. A federal agent had posed as a twelve-year-old girl and chatted with an adult male who had used the screen name "hellosweetdarlin." During the chat, hellosweetdarlin provided instructions on how to masturbate and said that he had taught his fourteen-year-old daughter how to masturbate. Sutton received a copy of the chat communication, a video of an adult male masturbating that was sent during the chat, a copy of the administrative subpoena sent to the Internet service provider for information related to the Internet Protocol (IP) address associated with hellosweetdarlin, and the Internet service provider's response that David Gentles was the subscriber of the IP address associated with hellosweetdarlin. The Internet service provider identified the following two addresses associated with Gentles's account: P.O. Box 38, Mill Spring, Missouri; and Route 3, Box 7292, Hwy 495, Looper, Missouri.

Captain Sutton went to the Wayne County Sheriff's Department, where he spoke with Sergeant Woody Massa. Massa told Sutton that he was familiar with Gentles and that Gentles lived at 103 5th Street in Mill Spring. The officers also searched the Missouri Law Enforcement System, which confirmed that Gentles's address was 103 5th Street. Massa brought Sutton to Gentles's house, where the officers knocked on the door but received no answer. The officers observed a vehicle parked in the driveway and later determined that Gentles owned the vehicle.

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, adopting in part the report and recommendation of the Honorable Lewis M. Blanton, United States Magistrate Judge for the Eastern District of Missouri, now retired.

Thereafter, Sutton prepared an Affidavit/Application for Search Warrant (application). The application sought to search "[t]he residence of David Gentles, described as a white sided, single story, wood frame building located at 103 5th Street in Mill Spring[,] Missouri; any vehicles and buildings found at that locations [sic]; and any computers and/or electronic media and storage devices found therein." The application set forth the details of the chat between the federal agent and the suspect and attached screen captures of the chat, including an image of the suspect masturbating. The application also stated that records from the Internet service provider "identified David Gentles in Mill Spring[,] Missouri as the Internet service account holder." The application did not list the two addresses associated with account, however. After Sutton prepared the application, it was reviewed and signed by a Wayne County prosecutor, who forwarded it to a judge, who then issued a search warrant. The search revealed evidence of the offenses set forth above.

Gentles moved to suppress the evidence, arguing, as relevant to this appeal, that the application failed to establish probable cause because "[n]o facts [were] alleged in the application to support the claim that the building at 103 5th Street, Mill Spring, Missouri, [was] the residence of David Gentles." During the suppression hearing, Captain Sutton testified that he focused the investigation on the residence located at 103 5th Street after Sergeant Massa told him where Gentles lived and that "[i]t had not occurred to [him] to include all the addresses that had come up in the investigation." Sutton also testified that it was his practice to explain how he came to know a suspect's address, and he described his failure to do so in this instance as "an oversight." The district court denied the motion to suppress, adopting the magistrate judge's recommendation that the good-faith exception to the exclusionary rule should apply.

Gentles argues that the district court should have granted his motion to suppress evidence because the application failed to establish probable cause to search the residence located at 103 5th Street in Mill Spring. The Fourth Amendment

requires a showing of probable cause before a search warrant may be issued. "Probable cause exists when the affidavit sets forth sufficient facts to lead a prudent person to believe that there is a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Warford, 439 F.3d 836, 841 (8th Cir. 2006) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). In reviewing the denial of a motion to suppress evidence, we review the district court's factual determinations for clear error and its legal determinations *de novo*. Id.

As an initial matter, we conclude that the application established probable cause to search Gentles's home, even if it did not establish probable cause to search a particular address. The application described the illicit information exchanged during the online chat between a federal agent and an adult male. Attached to the application were screen captures of the chat, including an image of an adult male masturbating. Moreover, the application explained that records obtained from the Internet provider identified Gentles as the Internet service account holder. From this information, the issuing judge could reasonably infer that the federal agent subpoenaed information related to the suspect's IP address and that Gentles, as the account holder, probably was the adult male engaged in the unlawful online activity described in the application. Because the items listed in the search warrant—computers, webcams, and other electronic media and storage devices—generally are kept in one's home, it follows that probable cause existed to search Gentles's home. See United States v. Cowling, 648 F.3d 690, 696 (8th Cir. 2011) (holding that probable cause existed to search the defendant's residence because the warrant affidavit established probable cause that the defendant possessed stolen firearms and because people generally keep firearms at home or on their persons); United States v. McArthur, 573 F.3d 608, 613-14 (8th Cir. 2009) ("The observation that images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes is supported by common sense and the cases." (alteration omitted) (quoting United States v. Riccardi, 405 F.3d 852, 861 (10th Cir. 2005))).

Gentles argues that the application did not set forth any "evidentiary support . . . that anything illegal would be found at 103 5th Street, Mill Spring, Missouri." Assuming without deciding that the application was insufficient to establish probable cause to search that particular address, we hold that the good-faith exception to the exclusionary rule applies in this case. See Warford, 439 F.3d at 841 ("In reviewing a district court's denial of a motion to suppress, we may consider the applicability of the good-faith exception to the exclusionary rule before reviewing the existence of probable cause.").

"Under the Leon good-faith exception, disputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." United States v. Grant, 490 F.3d 627, 632 (8th Cir. 2007) (citing United States v. Leon, 468 U.S. 897, 922 (1984)). In determining whether the officer relied in good faith on the validity of a warrant, we consider the totality of the circumstances, including any information known to the officer but not included in the search warrant application. Id.

Considering the information known to Sutton, but not included in the application, we conclude that Sutton's investigation established that Gentles lived at the 103 5th Street address and that Sutton acted in good faith when he relied on the warrant to search that address. As set forth above, Sergeant Massa told Sutton that Gentles lived at 103 5th Street; the officers went to that address and found a car owned by Gentles parked in the driveway; and the officers confirmed the address by searching the Missouri Law Enforcement System.

Gentles argues that the good-faith exception to the exclusionary rule should not apply, however, because the application did not explain how Sutton determined that Gentles lived at 103 5th Street and because it omitted the two addresses that were on file with the Internet provider. According to Gentles, the omitted information

-5-

rendered the application misleading. An officer's reliance on a search warrant is considered objectively unreasonable when the affidavit in support of the warrant includes "a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge." Grant, 490 F.3d at 632; see Leon, 468 U.S. at 923 ("Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth." (citing Franks v. Delaware, 438 U.S. 154 (1978)).

Gentles contends that Sutton's omissions were reckless, in light of the fact that "[w]ith two or three simple sentences, Capt. Sutton could have informed the court that the internet service provider gave a different address, but that he had a factual basis to believe that what he was searching for would be found at a different location." Gentles has not identified any false statement, however, and thus his argument must fail. As set forth above, Sutton's investigation fully supported the application's request to search "[t]he residence of David Gentles . . . located at 103 5th St in Mill Spring."

The judgment is affirmed.

_____