# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2693

_____

United States of America,

*Plaintiff - Appellee,*

v.

Howard Patton,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 11, 2018
Filed: August 9, 2018

_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.

_____

COLLOTON, Circuit Judge.

The district court[1] revoked Howard Patton's term of supervised release after finding that he violated conditions of his release. The court found that Patton failed to notify his probation officer of his part-time residence at his mother's home,

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

associated with a convicted felon, and committed a federal crime by possessing ammunition as a felon. The district court sentenced him to 21 months' imprisonment, to be followed by 12 months of supervised release. Patton appeals, arguing that the government failed to prove that he possessed ammunition. We conclude that there was sufficient evidence to support the finding, and therefore affirm the judgment.

In an underlying criminal case, Patton pleaded guilty to unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C. § 922(g)(1). The district court sentenced him to 80 months' imprisonment, to be followed by 36 months of supervised release. On January 30, 2016, Patton was released from prison and began his term of supervised release.

Within two months, the probation office filed a violation report, alleging that Patton had violated two standard conditions of his supervised release. The alleged violations were a failure to notify the probation office of a change in his residence, and association with a convicted felon. On March 15, 2016, the court issued a warrant for Patton's arrest in anticipation of a revocation hearing.

Before Patton was arrested on the supervised release violation, a grand jury charged him with several crimes relating to his alleged involvement in a bank robbery on March 12. One charge was unlawful possession of a firearm and ammunition as a felon. In light of the new indictment, the probation office filed a supplemental violation report concerning Patton's supervised release. The supplemental report alleged that Patton had breached two more conditions of release by committing another federal, state, or local crime (i.e., by possessing a firearm and ammunition as a felon) and by possessing a firearm in violation of a specific condition on weapons. A year later, the district court dismissed all charges against Patton in the bank robbery prosecution, but the supervised release revocation proceeding remained pending.

In July 2017, the district court convened a hearing on the revocation petition. An FBI agent testified that after the bank robbery that gave rise to the dismissed charges, a tracking device allowed investigators to follow the stolen money to a residence in Kansas City, Missouri. Patton and several other people were there. Patton told investigators that the residence was his mother's, and that he and several others had slept there the previous night. Patton said he had "stayed in his room," and identified his room as the southeast bedroom. Patton also told investigators that he had stayed there before, "occasionally on the weekends."

The FBI agent testified that investigators seized a box of nine millimeter handgun ammunition from the top dresser drawer of the room that Patton identified as his bedroom. In the same drawer, located near the ammunition, investigators found an empty handgun holster and two pieces of mail addressed to Patton. To establish that Patton's possession of the ammunition violated federal law, *see* 18 U.S.C. § 922(g)(1), the agent also testified that Patton was a convicted felon, and that the nine-millimeter ammunition had been manufactured outside of Missouri. The agent acknowledged that another resident, Gregory Burgin, claimed to own the ammunition.

The district court found that Patton had violated the conditions of his supervised release by residing part-time at his mother's residence without informing the probation office, by associating with convicted felon Gregory Burgin, and by possessing ammunition as a felon. As to the ammunition, the court explained: "I believe the circumstantial evidence supports the requisite knowledge for constructive possession. It was his room. There were documents that were his documents, evidence of the mail from the . . . Department of Family Services, also a document from the USDA."

Under the sentencing guidelines, the court determined that Patton's commission of the crime of possessing ammunition as a felon was a Grade B violation, *see* USSG § 7B1.1(a)(2); 18 U.S.C. §§ 922(g)(1), 924(a)(2), while the other

two infractions were Grade C violations. USSG § 7B1.1(a)(3)(B). Based on the presence of the Grade B violation, the court determined an advisory guideline range of 21 to 27 months' imprisonment. *See* USSG § 7B1.4(a). The court then imposed a sentence of 21 months' imprisonment, explaining in part that the sentence was "reasonable and appropriate taking into consideration all of the statutory factors even without a finding of violation related to the ammunition."

Patton disputes the district court's finding that he constructively possessed the ammunition. In a supervised release proceeding, the government must establish a violation by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *United States v. Carothers*, 337 F.3d 1017, 1018-19 (8th Cir. 2003). We review the district court's finding for clear error. *United States v. Benton*, 627 F.3d 1051, 1054 (8th Cir. 2010). Patton contends that if the finding of the ammunition offense is vacated, then the case should be remanded for resentencing, because the district court did not adequately explain why a sentence of 21 months' imprisonment would be appropriate even without the disputed Grade B violation.

"[C]onstructive possession requires both knowledge that the contraband is present and dominion over the premises where the contraband is located." *United States v. Ways*, 832 F.3d 887, 897 (8th Cir. 2016). Dominion over the premises where the contraband is located may give rise to a "strong inference of knowledge" in some contexts, *United States v. Dooley*, 580 F.3d 682, 686 (8th Cir. 2009), but "when there is joint occupancy of a residence, dominion over the premises by itself is insufficient to establish constructive possession." *United States v. Wright*, 739 F.3d 1160, 1168 (8th Cir. 2014). "In joint occupancy cases, there must be some additional nexus linking the defendant to the contraband." *Id.*

Here, while the residence was jointly occupied, there was ample evidence that Patton exercised dominion over the bedroom where investigators found the ammunition, and that Patton knew the bullets were in the dresser drawer. Patton

identified the southeast bedroom as "his room," and admitted to staying there the night before and on previous weekends. Investigators discovered the ammunition in Patton's room, in a drawer beside two pieces of mail that were addressed to Patton. That Patton's personal documents were found with the ammunition links Patton to the ammunition and supports a reasonable inference that he knew it was there. *See United States v. Vanover*, 630 F.3d 1108, 1118 (8th Cir. 2011) (per curiam).

Patton relies on several decisions from various courts holding that evidence of constructive possession was insufficient. Sufficiency of evidence is highly fact intensive, and none of the cited authorities is precisely analogous. Several arose from criminal cases in which the prosecution bore a higher burden to prove the charge beyond a reasonable doubt. None involved evidence like the mail in this case, which showed the defendant's personal effects in the specific location of the contraband.

Patton also argues that housemate Burgin's admission that he owned the ammunition undercuts any inference that Patton knew about it. But possession is not the same as ownership, *see United States v. Boykin*, 986 F.2d 270, 274 (8th Cir. 1993), and possession may be joint as well as exclusive. *United States v. Johnson*, 474 F.3d 1044, 1049 (8th Cir. 2007). Even if Burgin owned and constructively possessed the ammunition, Patton could have possessed it too.

Given the evidence of Patton's dominion over the bedroom and the presence of his personal effects in the drawer, the district court did not clearly err in finding that Patton constructively possessed the ammunition and committed a federal crime. Therefore, the court properly found that Patton committed a Grade B violation of the conditions of his supervised release.

The judgment of the district court is affirmed.[2]

_____

_____

[2]The written judgment, R. Doc. 56, also reflects that Patton violated a mandatory condition by possessing a firearm, destructive device, or other dangerous weapon, but the district court did not find such a violation at the revocation hearing. The parties do not address this discrepancy on appeal, but the district court may correct a clerical error in the judgment at any time. *See* Fed. R. Crim. P. 36.