# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2233

_____

United States of America

*Plaintiff - Appellee*

v.

Ronald F. White, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 18, 2019
Filed: February 15, 2019

_____

Before GRUENDER, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Following our prior remand, United States v. White, 863 F.3d 784, 787 (8th Cir. 2017) (en banc) (reversing conviction for possession of an unregistered firearm and remanding for a new trial), and after a bench trial, Ronald F. White, Jr. was convicted of possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. Police officers found the firearm at issue, a 12-gauge

shotgun known as a "Street Sweeper," in a duffel bag in a bedroom closet at White's parents' residence. White would stay in the bedroom during his visits. The district court[1] sentenced White to 46 months imprisonment, with credit for time served, and three years of supervised release. On appeal, White argues the evidence presented at trial was insufficient to show he constructively possessed the shotgun or that he was aware of the shotgun's physical characteristics that brought it within the ambit of the National Firearms Act, 26 U.S.C. § 5801 et seq. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

"Sufficiency of evidence is highly fact intensive," United States v. Patton, 899 F.3d 560, 563 (8th Cir. 2018), and "[o]ur review of the sufficiency of evidence is limited." United States v. Beltz, 385 F.3d 1158, 1163 (8th Cir. 2004). "We review the sufficiency of the evidence de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor and accepting all reasonable inferences that support the verdict." United States v. Grimes, 825 F.3d 899, 902 (8th Cir. 2016) (quoting United States v. Washington, 318 F.3d 845, 852 (8th Cir. 2003)). This same standard of review applies to bench trials. See United States v. Erhart, 415 F.3d 965, 969 (8th Cir. 2005). "A [ ] verdict may be based on circumstantial as well as direct evidence, and [t]he evidence need not exclude every reasonable hypothesis except guilt. Indeed, [i]f the evidence rationally supports two conflicting hypotheses, the reviewing court will not disturb the conviction." United States v. McArthur, 573 F.3d 608, 614 (8th Cir. 2009) (alterations in original) (internal quotation marks and citations omitted). We "will reverse only if there is *no* construction of the evidence that supports the verdict." United States v. Provost, 237 F.3d 934, 937 (8th Cir. 2001) (emphasis added).

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

II.

"Section 5861(d) criminalizes possession of an unregistered 'firearm.'" White, 863 F.3d at 786 (quoting 26 U.S.C. § 5845(a), (f)). The government must prove the following elements beyond a reasonable doubt. *First*, that White knew he had possession of the firearm. See United States v. Dukes, 432 F.3d 910, 915 (8th Cir. 2006). *Second*, that he "knew of the physical characteristics of the [firearm] bringing [it] within the ambit of the Act." White, 863 F.3d at 790. The Act defines a firearm "to include a 'destructive device,' the barrel of which has a bore of more than one-half inch in diameter."[2] Id. at 786 (quoting 26 U.S.C. § 5845(a), (f)). "The Street Sweeper, a 12-gauge shotgun, is subject to the Act's registration mandate because it has a bore diameter of .729 inches." Id. "[K]nowledge of the bore diameter is a necessary element of the offense." Id. at 792. *Third*, that the firearm was "not registered to [White] in the National Firearms Registration and Transfer Record." 26 U.S.C. § 5861(d). White challenges only the first and second elements.

"Knowing possession may be actual or constructive." Grimes, 825 F.3d at 902 (citing United States v. Hamilton, 332 F.3d 1144, 1150 (8th Cir. 2003)). The government's case against White was based on constructive possession. "Constructive possession requires that the defendant has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself. Constructive possession may be established by circumstantial evidence alone, but the government must show a sufficient nexus between the defendant and the firearm." Id. (quoting United States v. Garrett, 648 F.3d 618, 622 (8th Cir. 2011)). "[C]onstructive possession requires knowledge of the presence of a firearm . . . ."

---

[2]In cases involving destructive devices, the government need not prove that the firearm was capable of operating as designed or could readily be put in operating condition because "it is not necessary that the device actually function as intended." United States v. Ragusa, 664 F.2d 696, 700 (8th Cir. 1981); accord United States v. Hammond, 371 F.3d 776, 781 n.3 (11th Cir. 2004).

United States v. White, 816 F.3d 976, 985 (8th Cir. 2016) (citing United States v. Battle, 774 F.3d 504, 511 (8th Cir. 2014)). In the usual case, "the defendant's control over the area where the weapon was found . . . gives rise to a strong inference of knowledge," which "may be rebutted if other evidence contradicts it." United States v. Dooley, 580 F.3d 682, 686 (8th Cir. 2009). Additionally, "knowledge can be inferred from circumstantial evidence, including any external indications signaling the nature of the weapon." Staples v. United States, 511 U.S. 600, 615 n.11 (1994).

A.

First, regarding whether White knew he possessed the shotgun, the district court found "the duffel bag containing the Street Sweeper had the Amtrak train ticket in [White's name]," the "revolver found in the duffel bag along with the Street Sweeper had [White's] DNA," the "owners of the home denied knowledge of the guns and the duffel bag," and "the duffel bag was found in the bedroom where [White] sometimes stayed." The district court found it "significant that the duffel bag was found in that bedroom['s] closet," and that testimony established that White "had some clothes there." Cf. Patton, 899 F.3d at 563 ("That [the defendant]'s personal documents were found with the ammunition [in a drawer] links [him] to the ammunition and supports a reasonable inference that he knew it was there."); United States v. Boykin, 986 F.2d 270, 274 (8th Cir. 1993) (finding sufficient evidence of constructive possession of a firearm because the evidence showed the defendant's "personal belongings were in the bedroom where the firearms were located"). There was ample circumstantial evidence for the district court to reasonably infer White constructively possessed the shotgun because he had access to and control over the duffel bag found in his bedroom closet and had knowledge of the shotgun because it was found inside the duffel bag along with the revolver, which had his DNA on it, and the train ticket in his name.

White asserts, however, that the district court's findings establish he had constructive possession of the duffel bag, not constructive possession of the shotgun. He asserts there was no evidence from which the district court could infer he knew of the contents inside the duffel bag. See Appellant's Br. 21 ("Even if Mr. White had dominion and control over the bedroom or the duffel bag that does not mean that he knew there was a firearm in the bag that had a bore over one-half inch in diameter."). At oral argument, defense counsel acknowledged it would be a "reasonable inference" that White was "in the bag at some point in time" but, White argues, "[t]he government did not present evidence that [he] opened the duffel bag *while the Street Sweeper was inside it*" nor that he placed the revolver inside the bag "at the time the bag contained the Street Sweeper." Id. at 21-22 (emphasis added). In other words, White states it is unknown how and when the shotgun got into the duffel bag.

White's arguments, however, are merely hypothetical. Here, at the very least, "the evidence rationally supports two conflicting hypotheses." McArthur, 573 F.3d at 614 (internal quotation marks omitted). Although both hypotheses may be reasonable, it is White's that we must disregard on review. See id. This is notwithstanding White's reliance on United States v. Pace, 922 F.2d 451 (8th Cir. 1990). In Pace, we concluded the evidence was "insufficient to justify a reasonable inference [the defendant] knew he was driving a car full of cocaine" because there was no evidence he "opened or examined" the luggage containing the cocaine, which belonged to another individual in the car. Id. at 453. Here, unlike in Pace, defense counsel acknowledged it would be a "reasonable inference" that White was "in the bag at some point in time."

B.

Next, regarding whether White knew the shotgun had a bore diameter of more than one-half inch, the district court found "the person possessing the gun is easily aware of the bore being more than a half inch." White asserts "[t]he court did not find

-5-

[he] had ever seen or handled the Street Sweeper" nor did it find he "was familiar with Street Sweeper shotguns in particular or shotguns in general, such that he would know that 12 gauge shotguns have bores wider than one-half inch." Appellant's Br. 23. We have already discussed the sufficiency of the evidence as to White's knowing possession of the shotgun. Further, in the absence of direct evidence, the district court "can infer the requisite knowledge [of the physical characteristics of a firearm] from the condition of the [firearm] . . . including any external indications signaling the nature of the weapon." United States v. Hutchins, 292 F. App'x 842, 844 (11th Cir. 2008) (per curiam) (internal quotation marks omitted); see also Staples, 511 U.S. at 615 n.11; United States v. Spinner, 152 F.3d 950, 963 (D.C. Cir. 1998) (Garland, J., dissenting) ("[T]he law has no preference for direct evidence over circumstantial, . . . and often it is the latter that is the more reliable.").

In Hutchins, the court noted that "[t]estimony about the length of the gun's barrel and the admission of the gun into evidence can be sufficient circumstantial evidence from which a jury could infer the defendant knew the length of the gun barrel was less than 18 inches." 292 F. App'x at 844 (citing United States v. Miller, 255 F.3d 1282, 1287 (11th Cir. 2001)); see also United States v. Gonzales, 535 F.3d 1174, 1179 (10th Cir. 2008) (finding sufficient evidence for jury to reasonably infer the defendant knew the shotgun's barrel was less than eighteen inches in length because of testimony from officers regarding its length and because the shotgun was also admitted into evidence). Although Hutchins involved testimony about the length of a gun's barrel, we see no meaningful distinction between testimony about the length of a shotgun's barrel versus the bore size of the barrel, especially if the shotgun was admitted into evidence. Here, there is sufficient evidence of White's knowing possession of the shotgun. Moreover, there is testimony that the shotgun's bore diameter was approximately .752 inches, and the shotgun was admitted into evidence. Accordingly, there was ample circumstantial evidence for the district court

to reasonably infer White knew the shotgun had a bore diameter of more than one-half inch.

III.

The judgment is affirmed.

_____