# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2847

_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Story

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Central

_____

Submitted: March 17, 2022
Filed: May 10, 2022
[Unpublished]

_____

Before GRASZ, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Officers found Anthony Story asleep in a camper next to a bag full of methamphetamine. Although he claims that the search was illegal and that the drugs did not belong to him, we affirm.

## I.

Two officers came looking for Nicole Ducheneaux and knocked on the door of a camper parked behind her mother's house. Although there was initially no answer, her stepfather stepped outside and knocked on the camper's door too. Eventually, Ducheneaux came out. When she emerged, she mentioned that her cousin was still asleep inside.

Ducheneaux's stepfather gave the officers permission to search the camper. When they did, they found Story asleep on a bed next to a hollowed-out light bulb. Nearby was a makeup bag with plastic baggies containing methamphetamine. Even though Story claimed the drugs belonged to Ducheneaux, a jury found him guilty of possession with intent to distribute methamphetamine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(c).

## II.

Before trial, Story moved to suppress the evidence found in the camper. Following a hearing, the district court[1] denied the motion because Ducheneaux's stepfather had consented to the search. *See Illinois v. Rodriguez*, 497 U.S. 177, 187–88 (1990) (explaining that third-party consent is an exception to the warrant requirement).

The main issue was whether he had the authority to consent. The district court concluded that the answer was "yes" because he was the camper's sole owner, he had placed a padlock on it, and he had a key. We agree that he *at least* had apparent authority to consent to the search, if not actual authority. *See United States v. Brokaw*, 985 F.2d 951, 954 (8th Cir. 1993) (holding that a man who told officers he owned the camper on his property had *apparent* authority to consent to a search of

---

[1]The Honorable Roberto A. Lange, Chief Judge, United States District Court for the District of South Dakota.

it); *see also United States v. Hinkle*, 456 F.3d 836, 840 (8th Cir. 2006) (holding that "the owner of the property on which [a] trailer was located" had *actual* authority because the defendant "gave her the keys and . . . she knew what the keys were for").

### III.

We also conclude that the evidence was sufficient. To convict Story of possession with intent to distribute methamphetamine, "the government ha[d]" to prove that he "both knowingly possessed and intended to distribute the drugs." *United States v. Morales*, 813 F.3d 1058, 1065 (8th Cir. 2016).

Reviewing the issue de novo and construing the evidence in the light most favorable to the jury's verdict, we conclude that there was enough to prove both elements beyond a reasonable doubt. *See United States v. White*, 962 F.3d 1052, 1055 (8th Cir. 2020). Start with the fact that officers found Story lying next to a makeup bag full of drugs. Add the nearby hollowed-out light bulb, which can be used to smoke methamphetamine, and the jury could have reasonably concluded that the drugs belonged to him. This conclusion is only bolstered by other evidence, including Ducheneaux's testimony and the fact that his DNA was found on the baggies. *See United States v. White*, 915 F.3d 1195, 1198–99 (8th Cir. 2019) (concluding that the presence of the defendant's DNA on a firearm was sufficient to establish possession).

The evidence also showed that Story had an intent to distribute the drugs. The baggies contained 37 grams of methamphetamine, a greater amount than he could personally use, and a digital scale, which together created a reasonable inference that he planned to distribute at least some of the drugs to others. *See United States v. Thomas*, 593 F.3d 752, 760 (8th Cir. 2010) ("A large quantity of drugs, standing alone, is sufficient evidence of intent to distribute." (quotation marks and ellipsis omitted)); *United States v. Schubel*, 912 F.2d 952, 956 (8th Cir. 1990) ("The presence of equipment to weigh and measure the narcotics[] [and] paraphernalia

used to aid in their distribution . . . are common indicia of drug trafficking and are all circumstantial evidence of intent to distribute.").

IV.

We accordingly affirm the judgment of the district court.

_____