**UNITED STATES of America, Plaintiff,**

v.

**Edgar Wayne WEBB, Defendant.**

**Criminal Action No. 92–40056.**

United States District Court,
D. Kansas.

Aug. 2, 1997.

Marilyn M. Trubey, Office of Federal Public Defender, Topeka, KS, for Defendant.

Gregory G. Hough, Office of U.S. Atty., Topeka, KS, for Plaintiff.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on Defendant's Motion Under 28 U.S.C. §§ 2255 and 2241 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 121).

A jury convicted Mr. Webb of one count of possession of marijuana in violation of 21 U.S.C. § 844(a), two counts of possession of unregistered firearms in violation of 26 U.S.C. § 5861(d), and two counts of possession of firearms not identified by a serial number in violation of 26 U.S.C. § 5861(i). The firearm convictions were predicated on the possession of silencers. The sentencing guideline range for Defendant's convictions was twenty-seven to thirty-three months. The court departed downward, however, and on November 29, 1993, sentenced Defendant to probation (including six months of home confinement). The government appealed the downward departure. The following is a chronology of the events which followed:

February 28, 1995—Tenth Circuit reversed and remanded for resentencing.

November 20, 1995—District court resentenced Defendant to twenty-seven months.

December 4, 1995—Defendant appealed resentencing. December 14, 1995—District court granted Defendant's motion for appeal bond.

October 21, 1996—Tenth Circuit affirmed resentencing, and directed Defendant to surrender by December 14, 1996.

November 6, 1996—Defendant filed 28 U.S.C. § 2255 petition and motion for stay of judgment pending resolution of the petition.

November 27, 1996—District court granted Defendant's motion for stay.

In his appeal of his resentencing, Defendant argued that his firearms convictions should be reversed in light of the United States Supreme Court's decision in *Staples v. United States,* 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), which was decided after Defendant was convicted. *Staples* held that in order to sustain a conviction under 26 U.S.C. § 5861(d), the government must prove that the defendant knew of the features of his firearm which required registration. *Id.* at 619, 114 S.Ct. at 1804. The Tenth Circuit concluded that its jurisdiction was limited to the scope of its remand, and that it was therefore without jurisdiction to review Defendant's challenge to his firearms convictions. The Tenth Circuit specifically noted, however, that its "holding does not prohibit defendant from seeking relief from his firearms convictions under 28 U.S.C. § 2255. *See, e.g., United States v. Ross,* 40 F.3d 144 (7th Cir.1994) (granting relief to § 2255 petitioner in light of *Staples* )."

The defendant in *Staples* was charged with possessing an unregistered machinegun. *Staples,* 511 U.S. at 603, 114 S.Ct. at 1796. 26 U.S.C. § 5845(b) defines a machinegun as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." Staples maintained that he had only operated his gun semiautomatically and that he was unaware that the weapon had any automatic firing capability. *Id.* He requested that the trial court instruct the jury

that the government must prove that he knew that his gun would fire fully automatically. *Id.* at 603–04, 114 S.Ct. at 1796. The court denied Staples' request, and instructed the jury as follows:

> The government need not prove the defendant knows he's dealing with a weapon possessing every last characteristic [which subjects it] to the regulation. It would be enough to prove he knows that he is dealing with a dangerous device of a type as would alert one to the likelihood of regulation.

*Id.* at 604, 114 S.Ct. at 1796.

The jury subsequently convicted Staples, and the Tenth Circuit affirmed. *Id.* The Supreme Court reversed, holding that the government should have been required to prove that Staples knew of the features of his gun that brought it within the scope of the National Firearms Act. *Id.* at 619–20, 114 S.Ct. at 1804.

■ 26 U.S.C. § 5845(a) defines firearms to include sawed-off shotguns and rifles, machineguns, and silencers. 18 U.S.C. § 921(a)(24) states that the term "silencer" means "any device for silencing, muffling, or diminishing the report of a portable firearm." The devices for which Defendant was convicted were homemade silencers constructed of toilet paper tubes and stuffing from stuffed animals. Under *Staples,* the government was required to prove that Mr. Webb knew that the devices had the characteristics which brought them within the statutory definition of a silencer, i.e., that the devices were "for silencing, muffling, or diminishing" a gun's report. The jury in this case was instructed as follows:

### Instruction No. 14

In Counts 2 and 4, the defendant is accused of violating Title 26, United States Code, § 5861(d), which reads:

> It shall be unlawful for any person ... to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record....

The government must prove each of the following elements beyond a reasonable doubt in order to convict the defendant of this offense:

> *First*: That on or about the date alleged, the defendant had possession of a firearm;

> *Second*: That the defendant had knowledge that what he was possessing was a firearm; and

> *Third*: That this firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

### Instruction No. 17

The second element the government must prove is that the defendant had knowledge that what he was possessing was a firearm.

An act is done knowingly if it is done voluntarily and purposely and not because of mistake, accident, mere negligence, or other innocent reason. *The requirement of proving that the defendant acted knowingly does not make it necessary for the government to show that the defendant* knew about the registration provisions of the law or that he *knew the firearm had physical characteristics that might make it subject* to registration. In other words, the government need not prove that the defendant knew he was breaking the law.

If you find that the defendant did possess the firearm, it is only necessary for you to find that the defendant knew that the item was a firearm, as that word is commonly used.

(emphasis added).

The instructions used in this case for Counts 2 and 4 are similar to those rejected by the Supreme Court in *Staples.* The instructions given for Counts 3 and 5 are similarly defective, in that the court did not require the government to prove that Defendant's devices possessed those characteristics which would require that they be identified by a serial number, i.e., that would bring them within the statutory definition of a silencer. *See, e.g., United States v. Turnbough,* 114 F.3d 1192, 1997 WL 264475, (7th Cir. 1996), at *2; *United States v. Rogers,* 94 F.3d 1519, 1524 n. 8 (11th Cir.1996).

As in Ross, the court does not believe that there can be any question that Mr. Webb was prejudiced by the erroneous jury instructions. *See* 40 F.3d at 146. The jury determined Defendant's guilt under inaccurate jury instructions with respect to an element of the offenses. While the government is correct that it need only prove that Defendant's devices were made for the purpose of silencing a firearm, not that such a purpose was realized, see *United States v. Syverson,* 90 F.3d 227, 232 (7th Cir.1996), there is substantial evidence to support Mr. Webb's claim that his devices did not purport to be silencers. Defendant testified that his son initiated construction of the devices, that he did not consider them silencers, and that he did not believe that the devices actually muffled a gun's report. A government expert also testified that while the devices did somewhat reduce the decibel level of a rifle, it would be difficult to notice the sound reduction from one of the devices.

**IT IS THEREFORE BY THE COURT ORDERED** that Defendant's Motion Under 28 U.S.C. §§ 2255 and 2241 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 121) is granted. Defendant's convictions on Counts 2, 3, 4, and 5 are vacated. Defendant shall be granted a new trial with respect to these counts. Trial is set for **September 22, 1997, at 10:00 a.m.**