[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2001
THOMAS K. KAHN
CLERK

-----------------------------------------

No. 98-5821

-----------------------------------------

D. C. Docket No. 97-00099-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO RUIZ,

Defendant-Appellant.

------------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

------------------------------------------------------------------

**(June 8, 2001)**

Before EDMONDSON and MARCUS, Circuit Judges, and RESTANI*, Judge.

_____

* Honorable Jane A. Restani, Judge, U.S. Court of International Trade, sitting by designation.

PER CURIAM:

Defendant/Appellant Guillermo Ruiz appeals his conviction for violating 18 U.S.C. § 922(g)(1), as a felon in possession of ammunition that had moved in interstate commerce, and 26 U.S.C. § 5861(i), for possession of a silencer without a serial number.

Defendant challenges his conviction on three grounds. First, the jury was erroneously instructed on the mens rea required for conviction under 26 U.S.C. § 5861(i). Second, the district court abused its discretion in admitting irrelevant and unfairly prejudicial evidence. Third, insufficient evidence was presented to support his conviction for violation of 26 U.S.C. § 5861(i). Finding no error by the district court and sufficient evidence for a reasonable jury to conclude beyond a reasonable doubt that Defendant violated the statute, we affirm Defendant's conviction.

BACKGROUND

Because Defendant challenges the jury's guilty verdict, we take the evidence and all reasonable inferences and credibility choices in the light most favorable to the government. United States v. Keller, 916 F.2d 628, 632 (11th Cir. 1990).

2

On 21 November 1996, Defendant and Humberto Febles ("Febles") entered the home of Jose and Flora Tome. Defendant was carrying a KG99 firearm, a semi-automatic pistol. The firearm had a silencer affixed to its muzzle.

Defendant and his cohort forced the Tomes and a houseworker into the Tomes' bedroom, where they later bound Mrs. Tome and the worker with tape. The Tomes' daughter was in her bedroom at the time and called 911 when she heard the disturbance. She remained on the phone with the 911 dispatcher throughout the incident.

Mrs. Tome was thrown against the bed. Defendant placed a pillow over her head, pointed the gun at her and said, "If you scream or if you move you will die and nobody will be able to hear you." The intruders demanded money from Mr. Tome. He told them that he had $12,000.00 in the house. After he gave the money to them, Febles demanded more. Defendant told Febles, "[g]o get a knife. Let's cut her [Mrs. Tome] up, and when he sees blood, you will see how he will tell us where there is more [money]."

Defendant then demanded Mrs. Tome tell him where there was more money, again threatening that he would kill her and nobody would hear. He searched the bedroom finding $500.00 in a drawer and another $100.00 in Mr. Tome's wallet.

In an effort to get the intruders out of his house, Mr. Tome told them that he

3

had a warehouse where they could obtain appliances. Defendant and Febles determined that they would take Tome with them to the warehouse. Upon leaving the house with Mr. Tome, Febles encountered the police who had come to the house in response to the 911 call from the Tomes' daughter. Febles ran back into the house, and he and Defendant fled into the backyard.

Defendant and Febles were apprehended in the backyard. Defendant was carrying the KG99 firearm with the silencer attached. There was no serial number on the silencer.

Defendant argues that the district judge erred when he failed to instruct the jury on an essential element for violation of 26 U.S.C. § 5861(i). The statute makes it unlawful to "receive or possess a firearm which is not identified by a serial number as required by this chapter."[1] 26 U.S.C. § 5861(i). After argument from the government and defense counsel, the district court instructed the jury:

> The defendant can be found guilty of that offense [26 U.S.C. 5861(i)] only if all of the following facts are proved beyond a reasonable doubt. First. That the Defendant knowingly possessed a silencer; and, second. That the silence did not have a serial number.

Defendant argues that violation of § 5861(i) requires that Defendant knew that the silencer did not have a serial number not just that he knew he had a silencer.

---

[1] A silencer is defined as a firearm for the purposes of this statute. 26 U.S.C. § 5845(a)(7).

Defendant alternatively, argues that even if the government need not prove he knew that the silencer had no serial number, the government failed to present sufficient evidence to show beyond a reasonable doubt that Defendant knew he had a silencer at all.

Defense objected to Mrs. Tome's testimony that Defendant told his cohort to get a knife to cut Mrs. Tome. He also objected to the admission of the tape of the 911 call from the Tomes' daughter as cumulative. On appeal, he argued both pieces of evidence were irrelevant and unfairly prejudicial.

DISCUSSION

The Jury Instruction

In a prosecution under § 5861(i), must the government prove that Defendant knew that the firearm in question did not have a serial number? The answer is "No." The government does not need to prove that a defendant knew that the "firearm" in question under 5861(i) did not have a serial number. The district court's jury instruction was therefore not error.

No cases from the Supreme Court or this Circuit squarely answer the question.[2]

A number of cases, however, defining the mens rea required for related offenses are instructive.  In United States v. Freed, 91 S. Ct. 1112 (1971), Defendant Freed was prosecuted for possessing unregistered hand grenades in violation of 26 U.S.C. § 5861(d) which makes it illegal "to receive or possess a firearm which is not registered."  Id. at 1117.  The Court determined that there need be no proof that defendant knew the grenades were not registered.  It was enough that defendant knew that he possessed grenades.  Id. at 1118.

In Staples v. United States, 114 S. Ct. 1793 (1994), the Supreme Court revisited the mens rea requirements of §5861(d).  Defendant was charged with possession of an unregistered machine gun.  The weapon was an AR-15; a civilian version of the military's M-16 machine gun.  The civilian version, however, is made to fire only one bullet with each pull of the trigger and therefore is not a "machine gun" and not

---

[2]There are a number of cases from other circuits that have addressed this question.  See United States v. Turnbough, 1997 Nos. 96-2531 & 96-2677 (7th Cir. (Ill.) May 14, 1997) (unpublished opinion saying that because § 5861 is a regulatory statute, the government does not have to prove the defendant knew the firearm lacked a serial number); United States v. Smith, No. 96-10044 1997 U.S. App. (9th Cir. April 30, 1997) (unpublished opinion saying "[s]pecific knowledge that the gun lacked a serial number is not an element of the offense"); United States v. Piorecki, No. 92-50323 1993 U.S. App. (9th Cir. Apr. 27, 1993) (finding the court properly instructed the jury with an instruction similar to the one at issue in this case).  But see, United States v. Webb, 975 F.Supp 1280, 1283 (D. Kan 1997)(saying that § 5861(i) requires knowledge of the lack of serial number).

normally within the statutory definition of a firearm under § 5861(d).[3]  As manufactured an AR-15 would not have violated the statute because it would not have been a "firearm" under § 5861(d).  The particular weapon in Staples, however, had been modified to fire "fully automatic" (multiple shots would fire while the trigger was held down), which brought it under the definition of "firearm" for 5861(d).  See 26 U.S.C. § 5845(a)(6).  The government argued that the fact that it was a machine gun and defendant possessed it was enough to convict under the statute.  The Supreme Court disagreed, concluding that "the Government should have been required to prove that petitioner knew of the features of his AR-15 that brought it within the scope of the Act."

In Staples the key question was whether the defendant was aware of the features of the weapon that make it a statutory firearm.  The court concluded that the government is required to prove that the Defendant knew of the features of the weapon that brought it within the scope of § 5861(d).  And because Freed says the government need not prove a Defendant knows the weapon is not registered,

---

[3]Section 5845 defines "firearm" for the purposes of § 5861 as follows: "The term "firearm" means (1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun; (7) any silencer (as defined in section 921 of title 18, United States Code); and (8) a destructive device.  26 U.S.C. § 5845 (a).

7

registration or lack thereof is not a feature bringing the weapon within the scope of §

5861(d).

Instead, the two cases direct that the features that bring a weapon within the

scope of the Act are the features detailed in 26 U.S.C. § 5845(a), which defines

"firearm" for the purposes of both §§ 5861(d) and 5861(i). So if the government

proves that Defendant is aware that his weapon possesses any of the features detailed

in 26 U.S.C. § 5845(a) and that the weapon is unregistered (whether defendant knows

that or not), then Defendant is guilty of violation of § 5861(d).[4]

In <u>United States v. Rogers</u>, 94 F.3d 1519, 1524 n.8 (11th Cir. 1996), we

assumed without deciding that the mens rea required of defendant was the same under

§ 5861(i) as it is for § 5861(d). Here we decide that the mens rea requirements are the

same for the two sections of the statute. The structure of the sections is very similar.[5]

---

[4]It is important to note here that our decision in <u>United States v. Owens</u>, 103 F.3d 953 (11th Cir. 1997), says that a defendant only has to know that the weapon has the features that subject it to registration requirements. Defendant, therefore, does not have to know what features define a "firearm" under 26 U.S.C. 5845(a).

[5]The statute reads:

"It shall be unlawful for any person –

(d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer record; or

(i) to receive or possess a firearm which is not identified by a serial number as required by this chapter.

26 U.S.C. 5861.

8

The term "firearm" is used the same way in §§ 5861(d) and (i). Also, the definition of "firearm" in § 5845(a) applies to both sections. Therefore the features that bring a firearm under the Act in § 5861(d), are the same features that bring a firearm under the Act in § 5861(i). So, that the object is a silencer brings it within the scope of the Act. See 26 U.S.C. 5845(a)(7). Under Staples, the defendant need only be aware of the features that bring the weapon within the scope of the Act: the fact that it is a silencer.[6]   In this case, the trial court instructed the jury that to find Defendant guilty they must conclude that he knew he had a silencer. That instruction is correct because the fact that the weapon is a silencer brings it within the scope of the Act. The court also instructed them that the silencer must not have had a serial number. That instruction is also correct, because like registration under § 5861(d), the lack of a serial number under 5861(i) is not a feature that brings the weapon under the scope of the Act. The district court's jury instruction was correct.

---

[6]Our conclusion is consistent with the rationale behind Staples and Freed. In Freed, the Court noted that grenades were offensive and dangerous. 91 S. Ct. at 1118. Thus knowledge that you possessed a grenade was enough to put you on notice that you were not engaged in innocent conduct. Id. In Staples, all Defendant knew was that he had a gun. Not that he had a machine gun or some other type of especially dangerous weapon that Congress had decided to include in the statutory definition of "firearm" under § 5845(a). Staples, 114 S. Ct. at 1796. We think that knowledge that you possess a weapon with the features detailed in § 5845(a) (i.e., that the weapon is a silencer) puts the case closer to the Freed situation where knowledge of the weapon's features along with the mere fact that it is not registered or has no serial number is enough for guilt under the statute.

9

Sufficiency of Evidence

Defendant claims first that there was insufficient evidence for a jury to conclude that no serial number was on the silencer and claims, alternatively, that the evidence was insufficient to show he knew that a silencer was on the gun. The first claim is wholly without merit because we have determined that the government does not have to show defendant knew the silencer had no serial number.

On Defendant's alternative argument, we review de novo the district court's determination that evidence was sufficient for conviction. United States v. Miller, 71 F.3d 813, 815-16 (11th Cir. 1996). We will overturn a jury's verdict for insufficiency of the evidence only if no reasonable jury could have found Defendant guilty beyond a reasonable doubt on the evidence presented. United States v. Sepulveda, 115 F.3d 882, 888 (11th Cir. 1997). Evidence is in the record that, while brandishing his weapon, Defendant twice told Mrs. Tome that he could kill her and "nobody would hear." This statement implies that Defendant was confident that his gun would not make enough sound for anybody to hear. Also, evidence was presented that the silencer was a different color than the body of the gun. Sufficient evidence was presented for a jury to conclude beyond a reasonable doubt that Defendant knew his gun had a silencer affixed to it.

10

Admissibility of Evidence

Defendant challenges the district court's decision to admit the tape of the 911 call made by the Tomes' daughter and to admit testimony that Defendant directed Febles to get a knife to "cut up" Mrs. Tome so that Mr. Tome would give them more money. Defendant argues first that the evidence had no probative value at all to issues at trial and argues alternatively, to the extent the evidence had probative value, the value was outweighed by the prejudicial nature of the evidence.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "A trial court has broad discretion in determining the admissibility of evidence; its ruling will not be disturbed on appeal absent an abuse of discretion." United States v. Zapata, 139 F.3d 1355, 1357 (11th Cir. 1998). No abuse of discretion has been shown.

Evidence that a Defendant is in the process of a crime is relevant to his knowledge that he possesses the instrumentalities of the crime. In United States v. Thomas, ___ F.3d ___ (11th Cir. 2001), we said the district court did not abuse it

11

discretion in admitting evidence of drug transactions as relevant to the Defendant's knowing possession of weapons. Id. at ___ The fact that someone is engaged in a criminal enterprise, instead of an innocent act, will be relevant to whether they knowingly possess a firearm that is being used in that act.

Defendant objected to Mrs. Tome's testimony that Defendant directed Febles, "go get a knife. Let's cut her [Mrs. Tome] up, and when he sees blood you will see how he will tell us where there is more [money]." Defendant objects that this is irrelevant to the offenses charged. The trial court specifically admitted this evidence because it was relevant to rebut Defendant's contention that he was not in the house to commit a robbery. We conclude this decision was not an abuse of discretion.

In opening arguments, defense counsel portrayed Defendant as an unfortunate patsy of Febles who had no intention of robbing the Tomes' home. That theory tended to support the defense that Defendant did not know about the silencer or the bullets in the gun. The knife testimony, however, undermines Defendant's argument that he was merely going along with Febles and that he had no intention of robbing the home; thus it undercuts his argument that he was either uninvolved or thought he was engaged in an innocent act and therefore that he would have no knowledge of the silencer or the bullets.

At trial, Defendant objected to the admission of tape of the 911 call as

cumulative evidence. But on appeal he argues that it was irrelevant and prejudicial. Defense counsel offered no explanation at trial for why the tape was cumulative, and we can see no reason now why the tape is cumulative. Defendant did not object to the tape on the grounds of relevance and prejudice until appeal; so, we review that argument under a plain error standard. See United States v. Olano, 113 S. Ct. 1770, 1776-77 (1993). Plain error first requires we find the admission of the tape to be error. Id. at 1777. We do not. The tape is again relevant to show guilty knowledge on the part of Defendant. He claims he was not there to rob the house; yet the 911 tape is evidence to the contrary. If he was there to rob the house, a greater chance arises that he would carry the instrumentalities to rob the house; instrumentalities including the gun and ammunition. Thus, the call, which is evidence of the reason Defendant was in the house, is probative of his knowledge as to his possession of the ammunition and the silencer. Again, we cannot say that the district judge abused his discretion.

## CONCLUSION

We conclude the government was not required to show that Defendant knew that the silencer had no serial number. Thus the district court's jury instruction on

guilt under 26 U.S.C. § 5861(i) was not in error. Sufficient evidence was presented for a reasonable jury to find beyond a reasonable doubt that Defendant knew he had a silencer. The district court did not abuse its discretion in admitting testimony of Defendant's statements and the tape of the 911 call from the Tomes' daughter because they were probative of Defendant's guilty knowledge.

AFFIRMED.