[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13806
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2011
JOHN LEY
CLERK

D. C. Docket No. 5:09-cv-00333-RS-MD

PATRICK LANE,

Plaintiff-Appellant,

versus

FRANK MCKEITHEN,
in his official capacity as Sheriff of Bay County,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 14, 2011)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Patrick Lane appeals the district court's exclusion of evidence in his employment discrimination suit against Frank McKeithen in his official capacity as Sheriff of Bay County. See 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 1981(a). McKeithen argued that his decision not to hire Lane as a corrections officer at the Bay County Jail was based on Lane's criminal background, which included charges for conspiracy to commit murder and acting as an accessory after the fact. Lane argued that his employment application was actually rejected on account of his race.

To support his claim of racial discrimination, Lane sought to introduce evidence that Charles Enfinger was a comparator outside of Lane's protected class who was hired despite having a criminal background nearly identical to his own. While Lane conceded that he had applied for a position as a corrections officer and Enfinger had applied for a position as a detention specialist, he argued that Enfinger was nevertheless an appropriate comparator because both positions required similar responsibilities. McKeithen moved in limine to exclude evidence of Enfinger as a potential comparator under Rules 401, 402, and 403 of the Federal Rules of Evidence, and the district court granted his motion.[1] After a trial, the jury

---

[1] Although the record contains only the district court's order excluding the evidence concerning Enfinger as a comparator and not the reasoning behind its decision, the district court referred to its order granting McKeithen's motion in limine in its later order denying McKeithen's

returned a verdict in favor of McKeithen, and Lane appealed the district court's judgment as to McKeithen's motion in limine. Lane contends that the district court abused its discretion by excluding his proffered evidence concerning McKeithen's hiring of Enfinger.

I.

"A trial court has broad discretion in determining the admissibility of evidence; its ruling will not be disturbed on appeal absent an abuse of discretion." United States v. Ruiz, 253 F.3d 634, 639 (11th Cir. 2001). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," and "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 401, 402. Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of

---

motion for summary judgment: "Plaintiff produced evidence of Defendant's hiring of Charles Enfinger, a white male, who was charged with aggravated manslaughter. However, Enfinger was hired into the position of a 'detention specialist,' not a detention/correctional officer position. Therefore, he is not a proper comparator and will not be considered in this analysis." Despite the lack of a complete transcript, there is sufficient evidence in the partial record to make a decision. We are "not inclined, however, to give [Lane] the benefit of any doubt in the absence of a transcript which [he] should have ordered." United States v. Milam, 855 F.2d 739, 741 n.3 (11th Cir. 1988).

cumulative evidence." Fed. R. Evid. 403. When reviewing a ruling under Rule 403, the balance is in favor of admissibility, and we should "look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." United States v. Elkins, 885 F.2d 775, 784 (11th Cir. 1989) (citation omitted). Nevertheless, "[a]n erroneous evidentiary ruling will result in reversal only if the resulting error was not harmless." United States v. Hands, 184 F.3d 1322, 1329 (11th Cir. 1999) (citations omitted). "An error is harmless unless 'there is a reasonable likelihood that it affected the defendant's substantial rights.'" Id. (quoting United States v. Hawkins, 905 F.2d 1489, 1493 (11th Cir.1990) (alteration omitted)).

## II.

Lane argues that the evidence concerning Enfinger's hiring was both relevant and highly probative because he was required to submit evidence of similarly situated comparators and Enfinger was his closest comparator because Enfinger had been charged with aggravated manslaughter and Lane had been charged with conspiracy to commit murder and being an accessory after the fact. Enfinger was charged with aggravated manslaughter in connection with the death of an adolescent under his supervision while he was a drill instructor at the Bay County Boot Camp, and he was later acquitted by a jury. The incident at the Boot

4

Camp and McKeithen's later hiring of Enfinger attracted significant publicity. Lane argues that the evidence concerning Enfinger's hiring would not have been unfairly prejudicial, however, because the public, controversial nature of Enfinger's hiring would have made it more difficult for McKeithen to show a race-neutral reason for hiring Enfinger in spite of his criminal record. Additionally, Lane argues that the district court's error in excluding the evidence was not harmless because it deprived him of the ability to prove an element of his claim, specifically that "he was treated differently than a similarly situated employee who is outside his protected class."

Because Enfinger was not a similarly situated comparator, Lane's proffered evidence concerning his hiring was irrelevant, and the district court did not abuse its discretion by excluding it. "To make a comparison of the plaintiff's treatment to that of non-minority employees, the plaintiff must show that he and the employees are similarly situated in all relevant respects." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). Although a comparator need not have the same job title as the plaintiff to be a sufficient comparator, "material differences" in "ranks and responsibilities" may render any comparison impossible without "confusing apples with oranges." See Rioux v. City of Atlanta, 520 F.3d 1269, 1280 (11th Cir. 2008); Maniccia v. Brown, 171 F.3d 1364, 1369 (11th Cir. 1999).

5

Here, there were material differences between the position for which Enfinger was hired and the position for which Lane had applied. A corrections officer has direct contact with inmates, wheras a detention specialist such as Enfinger is prohibited from having direct contact with inmates. Additionally, the position of corrections officer requires certification, while the position of detention specialist does not.

But even if the excluded evidence were marginally relevant, the district court did not abuse its discretion in concluding that the probative value of that evidence was substantially outweighed by its prejudicial impact. If Lane's proffered evidence concerning Enfinger had been admitted, the focal point of the trial would have likely shifted from whether Lane had been denied employment by McKeithen due to racial discrimnation to the circumstances surrounding Enfinger's role in the death of the teenager at the Boot Camp. It was not an abuse of discretion for the district court to conclude that the danger of unfair prejudice and confusion presented by the Enfinger evidence outweighed any marginal relevance to Lane's failure to hire claim.

**AFFIRMED.**