CLD-080                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2038
_____

GUILLERMO RUIZ,
                        Appellant

v.

WARDEN B.A. BLEDSOE
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 12-cv-00106)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 28, 2012

Before:  RENDELL, JORDAN and GARTH, Circuit Judges

(Opinion filed: January 17, 2013)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Guillermo Ruiz appeals pro se from an order of the United States District Court

for the Middle District of Pennsylvania dismissing his habeas petition filed pursuant to

28 U.S.C. § 2241.  For the following reasons, we will summarily affirm the judgment of the District Court.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In 1998, Ruiz was convicted in the United States District Court for the Southern District of Florida of violating 18 U.S.C. § 922(g)(1) (felon in possession of ammunition that had moved in interstate commerce), and 26 U.S.C. § 5861(i) (possession of a silencer without a serial number).  At sentencing, the District Court classified Ruiz as a career offender under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)[1], based on three prior Florida state court convictions.[2]  He was sentenced to 312 months of imprisonment.  The United States Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence on direct appeal.  See United States v. Ruiz, 253 F.3d 634 (11th Cir. 2001).  Ruiz then filed a motion pursuant to 28 U.S.C. § 2255 in the Southern District of Florida.  The motion was dismissed as time-barred, and the Eleventh Circuit Court of Appeals denied a certificate of appealability.

Ruiz filed the instant § 2241 petition in January 2012, arguing that his sentence enhancement as a career offender is unlawful.  Specifically, he claims that the federal

---

[1] Section 924(e)(1) provides for an enhanced sentence "[i]n the case of a person who violates [18 U.S.C. § 922(g)] and has three previous convictions . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

[2] The documents submitted by Ruiz indicate that his ACCA enhancement was premised upon two 1993 burglary convictions, and a third 1995 conviction for grand theft, burglary with assault, and kidnapping.  (See Dist. Ct. Dkt. #1, p. 20.)

sentencing court acted improperly by using a "non-existent offense" or a non-qualifying predicate state conviction which resulted from a nolo contendere plea as a basis for imposing the ACCA enhancement. Ruiz contends that his argument should be reviewed on the basis of Begay v. United States, 553 U.S. 137 (2008) (holding that driving under influence conviction under New Mexico law is not a violent felony under ACCA). The District Court dismissed the petition, holding that Ruiz failed to demonstrate that a motion under § 2255 would be an inadequate or ineffective remedy. Ruiz filed a timely notice of appeal.[3]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). A motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke, 307

---

[3] While the appeal was pending, the District Court denied Ruiz's timely motion for reconsideration of its order. However, because Ruiz did not file a newer amended notice of appeal after that order issued, the issue of reconsideration is not before this Court. See Fed. R. App. P. 4(a)(4)(B)(ii); United States v. McGlory, 202 F.3d 664, 668 (3d Cir.

3

F.3d at 120, or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for actions later deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). For example, in Dorsainvil, we allowed the petitioner to proceed under § 2241 because an intervening change in the law decriminalized conduct for which he had been convicted, and he had no earlier opportunity to challenge that conviction. Dorsainvil, 119 F.3d at 251.

Ruiz has not shown that a § 2255 motion would be inadequate or ineffective. As the District Court noted, Ruiz essentially raises the claim that he presented in his original § 2255 motion. See United States v. Ruiz, S.D. Fla. 03-cv-21621, Motion to Vacate. Section 2255 is not inadequate to test the legality of that claim merely because the sentencing court dismissed Ruiz's § 2255 motion as time-barred. See Cradle, 290 F.3d at 539.

Although Ruiz argues, based on Supreme Court precedent issued after his § 2255 motion was adjudicated, that he should not have been subject to the career offender enhancement, he has not cited any case which renders his predicate offenses non-qualifying for purposes of the ACCA. In Begay, the Supreme Court addressed the definition of "violent felony" under the ACCA, which is analogous to the definition of

4

"crime of violence" in the Sentencing Guidelines. See United States v. Polk, 577 F.3d 515, 519 n.1 (3d Cir. 2009). In doing so, the Court held that a violent felony must be "roughly similar, in kind as well as in degree of risk posed" to burglary, arson, extortion, or crimes involving the use of explosives. See Begay, 553 U.S. at 142-43. As a result, the petitioner's conviction for driving under the influence of alcohol did not qualify as a violent felony for purposes of the ACCA. Id. at 139. Ruiz's sentence was not enhanced based on such a conviction and Begay is therefore inapplicable.

In sum, the exception identified in Dorsainvil is not present here, and Ruiz may not evade the gatekeeping requirements of § 2255 by seeking relief under § 2241. Because this appeal does not raise a substantial question, we will affirm the judgment of the District Court.[4] Ruiz's motions filed in connection with this appeal are denied.

---

[4] We also agree with the District Court that § 2241 does not provide Ruiz with a vehicle by which to raise claims that he has been denied adequate access to his legal materials and the prison law library. Such claims must be raised in a civil rights action. See Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).