DLD-057                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2930
_____

GUILLERMO RUIZ,
Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-14-cv-00877)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted By the Clerk for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 11, 2014
Before: FISHER, SHWARTZ and SLOVITER, Circuit Judges

(Opinion filed: December 17, 2014)
_____

OPINION*
_____

PER CURIAM

        Guillermo Ruiz is a federal prisoner serving a sentence imposed by the United

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

States District Court for the Southern District of Florida. That court sentenced him as a career offender to 312 months in prison following his convictions of (1) being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1), and (2) possessing a silencer without a serial number in violation of 26 U.S.C. § 5861(i). After the Eleventh Circuit Court of Appeals affirmed, see United States v. Ruiz, 253 F.3d 634 (11th Cir. 2001), Ruiz began filing collateral challenges in his sentencing court, including a motion under 28 U.S.C. § 2255 that the sentencing court dismissed as untimely in 2003.

Ruiz also filed a prior habeas petition under 28 U.S.C. § 2241 in the district of his confinement arguing that his career-offender sentence is unlawful because his predicate convictions do not qualify under Begay v. United States, 553 U.S. 137 (2008). The District Court denied the petition, and we affirmed. See Ruiz v. Bledsoe, 510 F. App'x 105 (3d Cir. 2013), cert. denied, 134 S. Ct. 133 (2013). As we explained at some length, motions under § 2255 are the presumptive means for federal prisoners to challenge the validity of their convictions or sentences, and Ruiz did not qualify for the limited exception that we recognized in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), because he did not argue that the Supreme Court has declared his conduct non-criminal and that he had no prior opportunity to raise that claim. See Ruiz, 510 F. App'x at 106-07.

Ruiz nevertheless filed another § 2241 petition in the district of his confinement, which is the petition at issue here. Ruiz argued that his convictions and sentence were unlawful because: (1) 18 U.S.C. § 922(g)(1) is unconstitutional; (2) the Government did not meet its burden of proving two of the elements required for a conviction under 26

U.S.C. § 5861(i) and the trial court's instructions on that charge were defective; (3) the trial court erroneously applied a sentencing enhancement for obliterating a serial number under U.S.S.G. § 2K2.1(b)(4); and (4) his counsel rendered ineffective assistance at trial and by failing to raise certain claims on direct appeal. Ruiz also filed an accompanying memorandum asserting a number of other challenges to the validity of his convictions and sentence, including a speedy trial violation and a claim that the United States lacked jurisdiction to prosecute him for conduct committed in the State of Florida.

The District Court denied Ruiz's § 2241 petition on the ground that he was and is required to assert these challenges under § 2255 in his sentencing court (which, the District Court noted, Ruiz already has done as to several of these claims). Ruiz appealed and filed a motion for reconsideration. The District Court denied that motion, and Ruiz has filed an amended notice of appeal to challenge that ruling as well. A certificate of appealability is not required to appeal the denial of a § 2241 petition, see Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009), and we thus have jurisdiction under 28 U.S.C. § 1291.

We will affirm for the reasons thoroughly and adequately explained by the District Court and the reasons we explained in Ruiz's prior appeal. In brief, Ruiz does not rely on any authority post-dating his § 2255 motion (or otherwise) rendering his conduct non-criminal, and thus does not qualify for the limited exception that we recognized in Dorsainvil. See United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (applying Dorsainvil exception). To the contrary, all of Ruiz's challenges are of the kind that he

3

could have raised in his § 2255 motion, and he in fact raised several of his present challenges either in that motion or on direct appeal. The § 2255 remedy is not rendered inadequate or ineffective so as to permit resort to § 2241 merely because Ruiz's previous challenges were unsuccessful or because he is prevented by the § 2255 gate-keeping requirements from raising additional challenges now. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002).

For these reasons, we will affirm the judgment of the District Court. Ruiz's motions in this Court, including his motions for release on bail and for appointment of counsel, are denied.

4