[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17427
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cr-00013-RH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY WADE COFFELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 14, 2017)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

After a jury trial, Timothy Coffell was convicted of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possessing an unregistered silencer that lacked a serial number, in violation of 26 U.S.C. § 5861(d) and (i).  On appeal, Coffell argues that the district court erroneously denied his motion to suppress and that the government's evidence was insufficient to show that he knew the homemade device found in his trailer was a silencer. Coffell also argues, with the assistance of counsel appointed for this appeal, that his trial counsel rendered ineffective assistance in various ways.  After careful review, we affirm Coffell's convictions, without prejudice to his ability to raise his claims of ineffective assistance in a motion to vacate under 28 U.S.C. § 2255.

## I.

Before his arrest, Coffell lived in a trailer that he rented from BlueKey Property Management Company ("BlueKey").  On February 2, 2016, BlueKey's maintenance man entered Coffell's trailer while he was away, using a master key, in order to replace his broken oven.  Once inside, the maintenance man used a screwdriver to open a locked door so that he could access the circuit-breaker box and shut off power to the oven before replacing it.  Inside the locked room, he observed what appeared to be marijuana plants under grow lights that had been connected to the circuit-breaker box.  He took pictures of the marijuana plants with his phone and contacted law enforcement.

2

Based on the information provided by the maintenance man, law enforcement obtained a search warrant for the trailer. Before the warrant was executed, law enforcement also learned that Coffell had previously been convicted of a felony. During a subsequent search of the trailer, officers found marijuana plants, growing materials, and containers of harvested marijuana. In addition, officers seized four firearms, nearly 1,500 rounds of ammunition, and a silencer.

After his arrest, Coffell was indicted on one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and one count of possessing a silencer that was not registered to him in the National Firearms Registration and Transfer Record and that was not identified by a serial number, in violation of 26 U.S.C. § 5861(d) and (i).

Coffell pled not guilty and then filed a motion to suppress, arguing that law enforcement illegally searched his property in violation of the Fourth Amendment. Coffell presented three main arguments for suppression. First, he argued that the maintenance man's entry into his trailer and locked bedroom violated his reasonable expectations of privacy. Second, he maintained that law enforcement exceeded the scope of the search warrant by searching for and seizing firearms and ammunition. Finally, he contended that law enforcement omitted material information from the search-warrant affidavit.

The district court held an evidentiary hearing and then denied the motion to suppress. The court found that the maintenance man's actions did not violate the Fourth Amendment because he was not a government actor, that the search of Coffell's trailer did not exceed the scope of the warrant, that the plain-view doctrine independently authorized the warrantless seizure of firearms, ammunition, and a silencer, and that no material information was omitted from the search-warrant affidavit.

The case proceeded to trial before a jury. After the government's case-in-chief, Coffell moved for a judgment of acquittal, which the district court denied. Coffell then presented his case, testifying in his own defense. Coffell did not renew his motion for judgment of acquittal at the close of all the evidence. The jury returned a guilty verdict on both counts charged in the indictment. Coffell now appeals.

## II.

We first address the denial of Coffell's motion to suppress. When we review the denial of a motion to suppress, "[w]e review the district court's findings of fact for clear error and its rulings of law and application of the law to the facts *de novo*." *United States v. Sparks*, 806 F.3d 1323, 1333 (11th Cir. 2015). A factual finding is clearly erroneous only if, after reviewing the entire record, we are left with "a definite and firm conviction" that the district court made a mistake. *Id.*

4

**A.**

Coffell first contends that suppression was warranted because the maintenance man violated his reasonable expectations of privacy.  But the protection of the Fourth Amendment "extends to governmental action only." *Sparks*, 806 F.3d at 1334.  "A search by a private person does not implicate the Fourth Amendment unless he acts as an instrument or agent of the government." *United States v. Steiger*, 318 F.3d 1039, 1045 (11th Cir. 2003).  And the Fourth Amendment does not prohibit the government's use of information discovered by a private party who is not acting as a government agent.  *Sparks*, 806 F.3d at 1334.

Here, the Fourth Amendment was not violated because, as Coffell concedes, the maintenance man was not acting as an instrument or agent of the government. The maintenance man, without law enforcement's prior knowledge, entered Coffell's trailer and his locked bedroom solely for the purpose of replacing his oven.  *See Steiger*, 318 F.3d at 1045.  Because the maintenance man entered Coffell's locked bedroom for reasons wholly unrelated to law enforcement, the Fourth Amendment does not bar the government's use of that information to obtain a search warrant.  *See Sparks*, 806 F.3d at 1334.

**B.**

5

Coffell next argues that law-enforcement officers exceeded the scope of the search warrant by seizing firearms, ammunition, and a silencer.  We hold that seizure of these items was proper under the plain-view doctrine.

The Fourth Amendment requires that search warrants describe with particularity "the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.  "This requirement is aimed at preventing general, exploratory rummaging in a person's belongings."  *United States v. Wuagneux*, 683 F.2d 1343, 1348 (11th Cir. 1982) (internal quotation marks omitted).

We have "routinely recognized that firearms can be so connected to the sale of narcotics that their seizure is implicitly authorized by a warrant to search for narcotics."  *United States v. Folk*, 754 F.3d 905, 910 (11th Cir. 2014).  Indeed, we have stated that "[i]t is uniformly recognized that weapons are often as much 'tools of the trade' as the most commonly recognized narcotics paraphernalia."  *United States v. Terzado-Madruga*, 897 F.2d 1099, 1120 (11th Cir. 1990).

The district court found that seizure of the firearms, ammunition, and silencer was impliedly authorized by the search warrant for evidence of drug activity, because drugs and guns go together.  The facts of this case, however, do not suggest a strong connection between the two, as there was no evidence that Coffell sold any of the marijuana he grew.  Ultimately, however, we need not address whether the search warrant implied authorization to seize firearms or

6

ammunition because we agree with the district court's alternative determination that the plain-view doctrine nevertheless authorized the seizure. *See Folk*, 754 F.3d at 911.

The plain-view doctrine permits the warrantless seizure of an item where (1) "the officer is lawfully located in the place from which the seized object could be plainly viewed"; (2) the officer has "a lawful right of access to the object itself"; and (3) "the incriminating character of the item is immediately apparent." *Id.* (quotation marks omitted). All three requirements are satisfied here.

The first two requirements were met because the firearms, ammunition, and silencer were found during a valid search of Coffell's trailer for evidence of drug activity. In executing the search warrant, law-enforcement officers "had the right to conduct a search as extensive as reasonably required to locate the items described in the warrant." *Id.* (internal quotation marks omitted). Coffell does not contest the district court's factual finding, which is amply supported by the record, that the searching officers discovered the firearms, ammunition, and silencer while searching areas where evidence of drugs or drug activity reasonably could have been found. Coffell suggests that the officers were subjectively motivated to search for firearms and ammunition, but their subjective motivations are irrelevant. *See Brigham City, Utah v. Stuart*, 547 U.S. 398, 404 (2006) (subjective motivations are irrelevant in determining whether a law enforcement officer's

7

actions violated the Fourth Amendment).  Accordingly, the officers were lawfully located in a place from which the seized items could be observed and accessed.

Because law enforcement knew that Coffell was a convicted felon and reasonably believed that the firearms, ammunition, and silencer in his trailer belonged to him, the final prong of the plain-view doctrine was also satisfied.  "A firearm that reasonably appears to be in the possession of a convicted felon qualifies as contraband—and is therefore subject to seizure under the plain view doctrine."  *See Folk*, 754 F.3d at 912.  The same goes for the ammunition and silencer, which § 922(g) likewise prohibits a convicted felon from possessing.[1] *See* 18 U.S.C. § 922(g) (prohibiting the possession of "any firearm or ammunition"); *id.* § 921(a)(3)(C) (defining a "firearm" for purposes of § 922(g) as, among other things, "any firearm muffler or firearm silencer").

For these reasons, the district court properly concluded that seizure of the firearms, ammunition, and silencer during a lawful search for evidence of drug activity was permissible under the plain-view doctrine.[2]

## C.

_____

[1]  Testimony from the suppression hearing reflects that officers were not immediately sure what the silencer was and believed it could have been either a silencer or a pipe bomb. Either way, the object appeared to be contraband.

[2]  Accordingly, we need not and do not consider the district court's third alternative determination—that law enforcement's community-caretaker functions authorized seizure of these objects to prevent others from entering the trailer and taking them.

As a final challenge to the denial of his motion to suppress, Coffell argues that law enforcement violated the Fourth Amendment by omitting material information—his status as a convicted felon—from the search-warrant affidavit. Coffell asserts that, if his status as a convicted felon "was to be used as a basis for seizure of his firearms and ammunition, it should have been presented in a separate search warrant and application."

Search warrants must be based "upon probable cause, supported by Oath or affirmation."   U.S. Const. amend. IV.   Suppression may be warranted when misrepresentations or omissions in a warrant affidavit materially affect the probable cause determination.  *See Franks v. Delaware*, 438 U.S. 154, 164–65, 171–72 (1978).  But if including the alleged omission or removing the alleged misrepresentation would not defeat a finding of probable cause, suppression is not warranted.  *United States v. Kapordelis*, 569 F.3d 1291, 1309 (11th Cir. 2009).

Here, the alleged omission was not material because including the omitted fact about his felon status would not have prevented a finding of probable cause. *See id.*  Based on the maintenance man's observations, plainly there was probable cause to search his trailer for evidence of drug activity.  Nothing about Coffell's status as a convicted felon undermines that finding.  In addition, no second search warrant was necessary because, as we have established above, the warrantless seizure of these objects was permitted under the plain-view doctrine.

In sum, the district court properly denied Coffell's motion to suppress.

**III.**

Coffell next challenges the sufficiency of the evidence to support his conviction for possession of a silencer that was not registered or identified by a serial number.

We generally review challenges to the sufficiency of the evidence *de novo*, asking whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *United States v. Godwin*, 765 F.3d 1306, 1319 (11th Cir. 2014). "But where a defendant 'present[s] his case after denial of a motion for judgment of acquittal' and then 'fails to renew his motion for judgment of acquittal at the end of all of the evidence,' we review the defendant's challenge to the sufficiency of the evidence for a manifest miscarriage of justice." *United States v. House*, 684 F.3d 1173, 1196 (11th Cir. 2012) (quoting *United States v. Jones*, 32 F.3d 1512, 1516 (11th Cir. 1994)). Under the "manifest miscarriage of justice" standard, we must affirm unless "the evidence in a key element of the offense is so tenuous that the conviction is shocking." *Id.* (alterations adopted). Regardless of the standard of review, we view the evidence in the light most favorable to the government and accept all reasonable inferences and credibility choices that support the jury's verdict. *Id.*

Here, we review Coffell's sufficiency challenge for a manifest miscarriage of justice. Although Coffell moved for a judgment of acquittal at the close of the government's case-in-chief, he chose to present a defense and then failed to renew his motion after the close of all the evidence. *See House*, 684 F.3d at 1196. In any case, even if we treated the issue as preserved and applied *de novo* review, sufficient evidence supports his conviction.

"The National Firearms Act (Act), 26 U.S.C. §§ 5801–5872, imposes strict registration requirements on statutorily defined 'firearms.'" *Staples v. United States*, 511 U.S. 600, 602 (1994). Under the Act, the term "firearm" includes "any silencer (as defined in section 921 of title 18, United States Code)." 26 U.S.C. § 5845(a)(7). A "silencer" is "any device for silencing, muffling, or diminishing the report of a portable firearm . . . ." 18 U.S.C. § 921(a)(24).

All "firearms" covered by the Act, including "silencers," must be registered in the National Firearms Registration and Transfer Record maintained by the Secretary of the Treasury. 26 U.S.C. § 5841. Also, § 5842(a) requires any maker of a covered firearm to identify it with a serial number and other information. *Id.* § 5842(a). Any person who possesses a firearm that lacks the information required by § 5842(a) must "identify the firearm with a serial number assigned by the Secretary." *Id.* § 5842(b). Section 5861 makes it a crime, punishable by up to 10 years in prison, *see id.* § 5871, for any person to possess a firearm that is not

11

properly registered, *id.* § 5861(d), or that is not identified by a serial number, *id.* § 5861(i).

To support a conviction under § 5861(d), the government must prove beyond a reasonable doubt that (1) the defendant possessed a firearm within the meaning of the Act; (2) the defendant knew the features of the firearm that brought it within the scope of the Act; and (3) the firearm was not property registered to the defendant. *United States v. Ruiz*, 253 F.3d 634, 638–39 (11th Cir. 2001); *United States v. Moore*, 253 F.3d 607, 609–10 (11th Cir. 2001). For a conviction under § 5861(i), the elements are the same except that the firearm, instead of being unregistered, must not have been identified by a serial number. *See Ruiz*, 253 F.3d at 637–38. The government need not prove that the defendant knew that the firearm was unregistered or did not have a serial number. *Id.* at 638–39.

Coffell challenges the element of knowledge only. He does not dispute, and the evidence shows, that the silencer he possessed is a "firearm" as defined in § 5845(a), in that it was tested and found to reduce the sound of a firearm, and that it both was not registered to him and did not have a serial number. *See* 26 U.S.C. § 5861(d) and (i).

To show Coffell's knowledge, the government needed to prove that he was "aware of the features that bring the weapon within the scope of the Act: the fact that it is a silencer." *Ruiz*, 253 F.3d at 638. More precisely, the government

12

needed to prove that he knew "that the object was a 'device for silencing, muffling, or diminishing the report of a portable firearm.'" *Moore*, 253 F.3d at 611 (quoting 18 U.S.C. § 921(a)(24)).

Here, sufficient evidence supports Coffell's conviction under § 5681. Coffell testified that he obtained the device from a man who "more or less" indicated that it was a silencer and who told him that it would fit a 9-millimeter firearm of the type that he possessed. The jury also heard evidence that Coffell had specialized knowledge of firearms. In particular, he attended gunsmith school, had been a licensed firearms dealer, and possessed a number of firearms in his trailer. And Coffell's testimony indicated that he closely examined the device, because he was aware that it was homemade and did not have a serial number. *See id.* ("[K]nowledge can be inferred from circumstantial evidence, including any external indications signaling the nature of the weapon." (quoting *Staples*, 511 U.S. at 616 n.11)). Even assuming that he never used the device, as he claimed in his testimony, a reasonable jury could infer from this evidence that he recognized the device and understood it was "for silencing, muffling, or diminishing the report of a portable firearm." *See id.*

Coffell insists that the silencer did not fit any of the firearms found in his trailer and that the district court incorrectly believed that it did. But even if that is

13

true, it is largely beside the point.[3]   Section 5681 prohibits possession of the silencer with knowledge that it is in fact a silencer.  *See Ruiz*, 253 F.3d at 638.  The silencer did not need to fit onto one of Coffell's guns in order for him to know that it was a device for muffling the sound of a firearm.

In that regard, Coffell's heavy reliance on the First Circuit's decision in *United States v. Crooker*, 608 F.3d 94 (1st Cir. 2010), is misplaced.  *Crooker* involved a silencer designed for use with an air rifle, which the court said was not a "firearm."  *Id.* at 95.  Because the evidence in that case failed to prove either that the defendant or the maker of the airgun silencer "intended that it be used to silence a firearm," the question before the court was whether the defendant's knowledge that the airgun silencer could be adapted for use with a firearm was sufficient to sustain his conviction.  *Id.* at 97–99.  The court said that it was not, holding that the statute "requires something more than a potential for adaptation and knowledge of it."  *Id.* at 97.

No such issue is presented here, however, because Coffell's own testimony reflects that he obtained the silencer with the understanding that it was intended to be used to silence a *firearm*.  Moreover, the district court specifically instructed the jury that in order to find Coffell guilty, it was required to find that Coffell "knew the device was *designed* to silence, muffle, or diminish the report of a firearm."

---

[3]  The government asserts that the silencer did in fact fit one of his firearms but that it was tested with a different firearm, which required the use of an adapter.

14

Trial Tr. at 339 (emphasis added). That instruction is consistent with *Crooker*'s holding. *See id.* at 99 (explaining that its holding was limited to cases where the device was not designed to be used as a silencer for a firearm). For the reasons explained above, sufficient evidence supports the jury's finding as to Coffell's knowledge.

For these reasons, sufficient evidence supports Coffell's conviction for possession of a silencer that was not registered and did not have a serial number. *See* 26 U.S.C. §5681(d), (i).

## IV.

Finally, Coffell argues that trial counsel provided ineffective assistance. However, we generally do not address ineffective-assistance-of-counsel claims on direct appeal. *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1285 (11th Cir. 2015). In most cases, "there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." *United States v. Hilliard*, 752 F.2d 578, 580 (11th Cir. 1985). Therefore, "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (11th Cir. 2003). Nevertheless, when the record has been sufficiently developed, we may consider a defendant's ineffective-assistance-of-counsel claims, subject to *de novo* review. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).

15

Here, we decline to consider Coffell's ineffective-assistance-of-counsel claims on appeal. Although the district court addressed some of the issues he raises on appeal, the record was not developed in a way that would allow us to assess counsel's performance or determine whether Coffell was prejudiced. Coffell concedes as much, stating that "it is clear from the transcripts that he did not have sufficient time, focus or legal ability to make his entire position and factual contentions known to [the district judge] nor was he able to present additional evidence." Reply Br. at 11. We decline Coffell's request to remand this case to the district judge for an evidentiary hearing, but we note that he is free to raise his claims of ineffective assistance and request an evidentiary hearing in the context of a collateral proceeding under 28 U.S.C. § 2255.

## V.

For the reasons stated, we conclude that the district court properly denied Coffell's motion to suppress and that sufficient evidence supports his conviction for possession of an unregistered silencer. We decline to consider his claims of ineffective assistance of counsel because the record is not sufficiently developed. We therefore affirm Coffell's convictions and total sentence, without prejudice to his ability to raise his claims of ineffective assistance in a motion to vacate under 28 U.S.C. § 2255.

**AFFIRMED.**

16